MRS. LORETTA NEWCOMB TOMLINS, BY HER NEXT FRIEND, FRANK M. LEDBETTER, v. ETTA LEE CRANFORD AND HER HUSBAND, FLOYD CRANFORD.

(Filed 9 April, 1947.)

**1. Trial § 4—**

　　Nothing else appearing, the trial court has the discretionary power to deny a motion for a continuance for absence of counsel.

**2. Appeal and Error § 22—**

The Supreme Court can judicially know only what appears of record.

**3. Appeal and Error § 7: Trial § 21—**

An exception to the refusal of a motion for judgment as of nonsuit which is made for the first time at the conclusion of all the evidence presents no question for review.

**4. Deeds § 2a—**

Evidence that prior to the execution of the deed, the grantor had been adjudged insane, with other evidence that grantor did not have sufficient mental capacity to know and understand what she was about when she signed the deed, and that defendants had notice of grantor's insanity, *is held* sufficient to be submitted to the jury in grantor's action, brought by her next friend, to set aside the deed on the ground of mental incapacity.

**5. Insane Persons § 4½—**

Where judication of insanity is shown there is a presumption that insanity continues.

**6. Insane Persons § 11—**

A deed executed by a person who has been adjudged to be insane, *sans* proof of restoration of sanity, is void.

**7. Husband and Wife § 13a: Principal and Agent § 7b—**

Where a husband acts for his wife in the negotiations and in procuring the execution of a deed to her, notice to him is notice to her, and she cannot claim under the deed and at the same time deny the fact of agency.

**8. Cancellation of Instruments § 15—**

Where a deed is set aside for mental incapacity of the grantor, but the decree does not adjudicate defendants' claim for a return of the purchase price and for the cost of improvements, the cause must remain on the docket, at the election of defendants, for determination of defendants' rights in respect thereto.

APPEAL by defendants from *Clement, J.,* at September Term, 1946, of MONTGOMERY.

Civil action to annul a deed for want of mental capacity of the grantor.

In August 1934 plaintiff was committed to the State institution for the insane at Morganton, N. C. In May 1941 the directors of said hospital ordered "that she be discharged from said hospital and delivered to the proper person or authority, and that entry be made that said patient is discharged as Improved . . ."

On 20 February 1946 plaintiff executed a deed to defendant Etta Lee Cranford for two small tracts of land containing a total of twelve acres, for the recited consideration of $500. Defendant Floyd Cranford bargained for the land, procured the preparation and execution of the deed, and otherwise handled the transaction in behalf of his wife, the grantee.

He approached a lawyer about preparing a deed and was informed that plaintiff had been to Morganton and could not give a deed; that a next friend would have to be appointed; and that, to get a good deed, it would have to go through court. He then went to someone else, had a deed prepared, and presented it to plaintiff for her signature. After the deed was executed he made certain improvements on the land of the value, as defendants allege, of $1,500.

The cause was duly calendared for trial at the September Term 1946. Being duly reached and called for trial "the defendant, Floyd Cranford, moved the Court for a continuance of the case for the reasons that his attorney, J. G. Prevette, Asheboro, N. C., was not in Court. Motion denied. Defendants except."

The jury having found for their verdict that plaintiff, on 20 February 1946, did not have sufficient mental capacity to execute a valid conveyance and that defendants, at the time, were aware of her mental incapacity, the court signed judgment vacating and annulling said deed. Defendants excepted and appealed.

*Currie & Garriss for plaintiff appellee.*
*J. G. Prevette for defendant appellant.*

BARNHILL, J. The record states that the case was called at a time counsel for defendants was not in court and the court denied a motion to continue for that reason. Nothing further is made to appear. Hence the disposition of the motion was within the discretion of the presiding judge. But see *Moore v. Dickson,* 74 N. C., 423.

The defendants, it is true, set forth in their brief certain facts, controverted in part by plaintiff, leading up to and causing the absence of counsel at the time the case was unexpectedly reached for trial. But the Supreme Court can judicially know only what appears of record. *S. v. DeJournette,* 214 N. C., 575, 199 S. E., 920; *Utilities Com. v. Kinston,* 221 N. C., 359, 20 S. E. (2d), 322; *S. v. Morgan,* 225 N. C., 549.

Perhaps defendants may draw some consolation from the provisions of G. S., 1-220. At least the procedure therein provided is still open to them.

The motion to dismiss as in case of nonsuit was made for the first time at the conclusion of all the evidence. Hence the exception thereto brings up no question for review. Even so, under the circumstances, we have reviewed the testimony and find therein evidence sufficient to require the submission of appropriate issues to the jury.

"When insanity is once shown to exist, there is a presumption that it continues." *Beard v. R. R.,* 143 N. C., 137; *Wood v. Sawyer,* 61 N. C., 251 (277); *In re Craven,* 169 N. C., 561, 86 S. E., 587. Furthermore

there was evidence, other than the adjudication, that plaintiff did not have sufficient mental capacity to know and understand what she was about when she signed the deed.

A deed executed by a person who has been adjudged to be insane, *sans* proof of restoration of sanity, is void. *Wadford v. Gillette,* 193 N. C., 413, 137 S. E., 314. For this reason, perhaps, defendants' knowledge or want of knowledge of plaintiff's mental condition was immaterial. This we need not decide, for the jury found, on competent evidence coming from defendants, that they had notice of plaintiff's insanity.

But defendants contend that this evidence of notice related only to the male defendant, that the *feme* defendant is the grantee, and there is no evidence she had any knowledge thereof. This contention is supported by the record, but it will not avail them. All the evidence tends to show that the male defendant, in procuring the deed, was acting as agent for his wife. Notice to him was notice to her. She now ratifies his acts and claims the fruits of his efforts. She cannot claim the one and escape the other.

Defendants plead the right to a return of the purchase price and to compensation for improvements or betterments in the event the annulment of the deed is decreed, and pray judgment therefor. While the court submitted an issue as to the value of the alleged improvements it gave no charge thereon and the issue was not answered by the jury. The court, after verdict, rendered no decree in respect thereto. Hence the cause must remain on the docket, at the election of the defendants, for the determination of this plea as to which we express no opinion.

The other exceptions entered by the defendants likewise fail to disclose error. Hence, on this record, the judgment must be affirmed.

No error.