ERNEST LAWING AND WIFE, JENNY LEE LAWING v. ARTHUR
    JAYNES AND WIFE, EDITH JAYNES AND ERNEST LAWING AND
    WIFE, JENNY LEE LAWING v. JOHN C. McLEAN AND WIFE,
    KATHLEEN H. McLEAN

No. 7329SC725

(Filed 6 February 1974)

1. Registration § 3— recorded option — expiration — notice
        A recorded option showing an expiration date of 1 March 1966
    did not constitute constructive notice of the optionees' claim to the
    property in 1971.

2. Lis Pendens— notice not indexed
        Where notice of *lis pendens* filed in the office of the clerk of su-
    perior court had not been indexed, the record of plaintiffs' pending
    action against defendants for specific performance of an option con-
    tract for the sale of real property did not constitute constructive
    notice to subsequent purchasers that plaintiffs claimed an interest in
    the property. G.S. 1-118.

3. Vendor and Purchaser § 2— option contract — testimony as to willing-
    ness to perform
        In an action for specific performance of an option contract which
    had an expiration date of 1 March 1966, the trial court properly allowed
    plaintiffs to testify that since February 1966 they have been ready,
    willing and able to do what the option contract called for them to do.

4. Appeal and Error § 57— failure to find material facts
        When the trial court fails to find the material facts to dispose
    of the issues, the case must be remanded for a new trial.

5. Vendor and Purchaser § 5— option contract — conveyance to third per-
    son — damages — specific performance
        Ordinarily, when defendant by his own act makes compliance
    with an option contract impossible, his liability upon the agreement is
    for damages only; however, where defendant conveys a portion of the
    land subject to an option and retains a portion, specific performance
    may be decreed for the portion retained.

6. Husband and Wife § 3; Vendor and Purchaser § 10— action for specific
    performance of option — notice to third person — agency of husband for
    wife
        In an action to set aside a deed conveying to defendants, a hus-
    band and wife, property which plaintiffs had exercised an option to
    purchase, the trial court failed to resolve a material issue where the
    court found that the husband had actual knowledge of the pendency
    of a lawsuit brought by plaintiffs against the original owners to ob-
    tain specific performance of the option contract but the court failed
    to make findings as to whether the husband had authority to act for
    the wife and whether notice to him was notice to her.

7. **Husband and Wife § 3— agency of husband for wife**

The agency of the husband for his wife may be shown by direct evidence or by evidence of facts and circumstances which will authorize a reasonable and logical inference that he was authorized to act for her.

8. **Vendor and Purchaser § 10— specific performance of option — purchase by third person — actual notice of claim by optionee**

If defendants purchased land from the original owners with actual notice or knowledge of a pending suit brought by plaintiffs to compel specific performance of an option contract by the original owners to convey the land to plaintiffs, defendants are in no better position than the original owners to defend a suit for specific performance of the contract with plaintiffs.

9. **Specific Performance; Vendor and Purchaser § 5— option contract — specific performance — manner of performance**

In a judgment ordering specific performance of an option contract, the court erred in directing that the contract be performed in a manner other than that provided in the contract itself.

10. **Specific Performance; Vendor and Purchaser § 10— option contract — purchase by third person — specific performance — payment of purchase money to third person**

Where the court orders specific performance of a contract to convey land which has been conveyed by the vendor to, and paid for by, a third person, the judgment should not declare the third person's deed void and direct payment of the purchase money to the vendor but should require a conveyance by the third person and entitle him to the purchase money.

APPEALS by defendants from *Thornburg, Judge,* 21 May 1973 Session of Superior Court held in HENDERSON County. Argued in the Court of Appeals 24 October 1973.

These two cases were consolidated for trial and for appeal. In one case plaintiffs allege an option to purchase real estate from defendants Mr. and Mrs. Jaynes (Jaynes) under which plaintiffs timely elected to exercise their right and that Jaynes refused to convey the real estate. Plaintiffs seek specific performance by Jaynes. In the other case plaintiffs allege that defendants Mr. and Mrs. McLean (McLean) purchased a portion of the real estate from Jaynes with notice of plaintiffs' rights. Plaintiffs seek to have the deed from Jaynes to McLean declared void and cancelled of record because it constitutes a cloud on the title to the real estate.

Jury trial was waived and the cases were tried before Judge Thornburg sitting without a jury. From judgments rendered for plaintiffs in both cases, defendants appealed.

*Bennett, Kelly and Long, by E. Glenn Kelly, for the plaintiffs.*

*Prince, Youngblood and Massagee, by K. Youngblood and Edwin R. Groce, for the defendants.*

BROCK, Chief Judge.

Plaintiffs filed in this Court a motion to dismiss defendants' appeal because of their failure to comply with Rule 28 of the Rules of Practice in the Court of Appeals. It seems there are substantial violations by defendants of Rule 28; however, we have determined that we will consider the merits of both appeals as best we can from the state of the record. Plaintiffs' motion to dismiss is denied.

Plaintiffs' action against Jaynes was instituted 13 April 1966. Plaintiffs' action against McLean was instituted 27 December 1972.

Plaintiffs offered evidence which tended to show the following: On or about 9 March 1964, plaintiffs and Jaynes entered into an option contract wherein plaintiffs were granted the option for two calendar years from 1 March 1964 to purchase from Jaynes a tract of land fully described in the option, containing approximately thirty-three and one-half acres. The price was determinable by the terms of the option. The option contract further granted to plaintiffs the right to purchase the Jaynes' cows and milk base at prices determinable by the terms of the contract. On 26 February 1966 (within the two years granted in the option) plaintiff Ernest Lawing went to the Jaynes' residence and advised Mr. and Mrs. Jaynes that plaintiffs were exercising the right to purchase the real estate. Plaintiff asked them to accompany him to have the papers prepared and stated that he was prepared to pay in cash. Jaynes objected because plaintiffs did not desire to exercise the right to purchase the cows and milk base. Mrs. Jaynes ordered plaintiff to leave the premises, which he did immediately. Plaintiff returned home where he and Mrs. Lawing prepared and forwarded to Mr. and Mrs. Jaynes a letter of notice that plaintiffs elected to exercise their option to purchase the real estate and that they did not desire to purchase the cows and milk base. This letter was forwarded by certified mail on 26 February 1966 and was received by Jaynes on 1 March 1966. In the letter plaintiffs also nominated a surveyor to determine the exact acreage and re-

quested Jaynes to advise if the nominee was acceptable. Jaynes has not tendered or delivered a deed to plaintiffs and has not answered plaintiffs' letter of notice. The plaintiffs still desire to purchase the real estate and have been ready, willing and able, at all times since 26 February 1966, to pay the purchase price calculated under the terms of the option contract.

The option contract was duly recorded in the office of the Register of Deeds of Henderson County on 10 March 1964. The action against Jaynes was instituted 13 April 1966. On 13 April 1966, the action against Jaynes was entered upon the Summons Docket in the office of the Clerk of Superior Court of Henderson County. When Jaynes filed answer on 31 May 1966, the action was transferred to the Civil Issue Docket. Notice of lis pendens was filed in the office of the Clerk of Superior Court of Henderson County on 19 June 1966, but it was not indexed until 22 May 1973 (during the week of the trial of these two cases). It was served on Jaynes on 10 June 1966.

In February 1971 during a discussion of the Jaynes property, plaintiff told Mr. McLean: "Johnny, I have got a lawsuit pending in Court in this matter. I've got an option to buy his property and I've got a special paper filed, filed on top of this lawsuit in litigation and it never has come up in Court. There's special paper filed right on top of it, telling anybody if they want to buy this property, that there is a lawsuit pending in Court."

On 4 March 1971, McLean purchased by warranty deed from Jaynes the major portion of the real estate described in the option contract and in the lawsuit pending between Jaynes and plaintiffs. On 27 December 1972 plaintiffs instituted this action against McLean.

Defendants did not offer evidence contradictory of plaintiffs' evidence. Defendants Jaynes offered evidence which tended to show that during 1964 they sold their cows and milk base subject to the option to plaintiffs. Defendants McLean offered evidence which tended to show that the notice of lis pendens filed by plaintiffs on 10 June 1966 was not indexed until 22 May 1973 (during the week of the trial of these two cases).

In order to clarify the disposition of this appeal, we set out in full the findings of fact by the trial judge.

"1. That all parties are properly before the Court, are represented by competent counsel, and have each indicated

readiness to proceed; that the cases were without objection consolidated for purpose of trial and judgment; that the action entitled 'ERNEST LAWING et ux v ARTHUR JAYNES, et ux' was commenced by the plaintiffs against the defendants Jaynes on April 13, 1966 to compel specific performance by the defendants to convey to plaintiffs certain real property lying and being in Henderson County, North Carolina and described in a real estate option contract recorded in Deed Book 419, at page 311, Henderson County Register of Deeds Office.

"That said action was filed in the County where subject land lies, named the parties, the object of the action, and described the land to be affected; that said action was properly indexed in the Summons Docket on the 13th day of April, 1966, and the Civil Issue Docket on the 31st day of May, 1966.

"2. On June 10, 1966, the plaintiffs filed a Notice of Lis Pendens against the defendants Jaynes, a copy of said Notice being subsequently served on the defendants Jaynes.

"3. The Notice of Lis Pendens was not indexed in the Office of the Clerk of Superior Court of Henderson County until May 22, 1973 although said Notice was on file in the Office of said Clerk and although it was indexed in the summons docket and the civil issue docket in said Clerk's Office.

"4. The option recorded in Deed Book 419 at page 311, Henderson County Register of Deeds Office was recorded in said Register's Office at 11:15 A.M., On March 10, 1964.

"5. On February 26, 1966, the plaintiff, Ernest Lawing, notified in person the defendants Jaynes that the plaintiffs were exercising the option to purchase the real estate described in the option. Ernest Lawing further advised defendants on February 26, 1966, that the plaintiffs would either pay cash for the real estate or would pay for the same in the manner called for in the option contract.

"6. The plaintiffs also mailed on February 26, 1966, to the defendants Jaynes a letter dated February 26, 1966, in which the plaintiffs advised defendants Jaynes of the plaintiffs' exercise of said option to purchase the real estate in accordance with the terms of said option.

"7. The defendants Jaynes received said letter on March 1, 1966.

"8. The defendants Jaynes have since February 26, 1966 failed, refused and neglected to execute and deliver to plaintiffs a deed for the real estate described in said option.

"9. The defendants Jaynes executed and delivered to the defendants McLean a deed for most of the real property described in the option contract. Said deed was dated March 4, 1971 and was recorded on March 5, 1971, at 4:00 p.m., in Deed Book 482 at page 455, Henderson County Register of Deeds office.

"10. The defendants McLean had constructive notice on and prior to March 5, 1971 of the plaintiffs' option contract which was previously recorded in the Henderson County Register of Deeds Office and record notice of the pending action filed by the plaintiffs against the defendants Jaynes in the year 1966 for specific performance under the terms of said option contract.

"11. The defendant John C. McLean had actual notice that plaintiffs claimed an interest in the real estate subject to plaintiffs' option and had this actual notice prior to March 5, 1971.

"12. The plaintiffs have been ready, willing and able to complete the performance of their obligations under the option contract since February 26, 1966 although the defendants Jaynes have refused to comply with the same.

"13. If the defendants Jaynes had complied with the option contract and had conveyed the real property described therein to the plaintiffs as called for in said contract, and if the plaintiffs had made the payments called for in said contract, the real property described in the contract would very likely have been paid for at this time.

"14. After the Court heard the evidence and argument of counsel and announced its decision in this cause, but before the Court entered any Judgment, counsel for the plaintiffs Lawing announced in open Court that plaintiffs would accept the determination by Don Hill, Surveyor, of the total amount of acreage described in the option contract and would consent to use Mr. Hill's determination of the amount

of acreage as a basis for the payment to the defendants Jaynes."

Defendants do not except to findings of fact number 1 through 7. It seems clear to us that these findings are supported by competent evidence.

Defendants except to finding of fact number 8 upon the ground that it is not supported by competent evidence. Clearly, plaintiffs testified that Jaynes had never delivered to plaintiffs a deed for the land, had never offered to do so, and have never replied to their notice of intention to exercise the option other than to demand that plaintiff remove himself from Jaynes' premises. Testimony concerning defendants Jaynes' failure, refusal and neglect to deliver a deed to plaintiffs was admitted without objection. This assignment of error is overruled.

Defendants do not except to finding of fact number 9. It seems clear to us that this finding of fact is supported by competent evidence.

[1, 2]  Defendants except to finding of fact number 10 upon the ground that it is not supported by competent evidence. This is probably a conclusion of law rather than a finding of fact, but without deciding which it is, we hold that it is error. First, the recorded option showing an expiration date of 1 March 1966 does not constitute constructive notice of plaintiffs' claim to the property in 1971, five years after the last day upon which the option could be exercised. No deed from Jaynes to plaintiffs appearing of record, so far as the recording of the option was concerned, defendants McLean were entitled to treat the option as at an end. *Trogden v. Williams*, 144 N.C. 192, 56 S.E. 865. Second, without a properly filed and indexed notice of lis pendens, the record of the action pending between plaintiffs and Jaynes did not constitute constructive notice to defendants McLean as a subsequent purchaser. G.S. 1-118. This assignment of error is sustained.

Defendants do not except to finding of fact number 11. It seems clear to us that this finding of fact is supported by competent evidence.

[3]  Defendants except to finding of fact number 12 upon the ground that it is not supported by competent evidence. This exception is based upon defendants' former exception to the trial court's permitting plaintiffs to testify that since February 1966

Lawing v. Jaynes and Lawing v. McLean

plaintiffs have been ready, willing and able to do what the option contract called for them to do. We see no merit in these exceptions. The plaintiffs testified without objection as follows: "I still want to buy this land, am still willing to pay $500.00 an acre for it and have Donald Hill survey it. I am still willing to pay $9,000.00 for the house and to pay for the house and acreage exactly as the terms call for in this Option Contract." Plaintiffs, in detail, explained that they were ready, willing and able to abide by the terms of the option. The testimony complained of by defendant merely points out that the same conditions existed continuously from February 1966. The evidence was properly admitted and it clearly supports the finding of fact. This assignment of error is overruled.

Defendants except to finding of fact number 13 upon the ground that it is not supported by competent evidence. We agree with defendant that the record is devoid of direct evidence to support the statements by the trial judge under finding of fact number 13. However, from the terms of the option, it can be mathematically computed that the trial judge's statements under finding of fact number 13 are probably correct. Nevertheless, whether correct or appropriate, or whether finding of fact or conclusion of law, we fail to see prejudice to defendants. It is error which is prejudicial to appellant that justifies relief. This assignment of error is overruled.

Defendants do not except to finding of fact number 14. It seems that this finding is only a recitation by the court of plaintiffs' announcement in open court. We are not convinced of the relevance of this unilateral statement, but it seems harmless.

Our decision sustaining defendants' exception to finding of fact number 10 is not dispositive of these appeals. It relates only to the McLean case and to strike finding of fact number 10 in its entirety does not fully dispose of the McLean appeal.

Defendants bring forward an additional exception to the evidence. Defendants Jaynes argue that the trial court committed error when it permitted plaintiffs to testify about a conversation with defendants McLean. Clearly, this argument is without merit. The Jaynes and McLean cases were consolidated for trial without objection. The testimony was competent in the McLean case, and was in no way prejudicial to defendants Jaynes. This assignment of error is overruled.

For the reasons hereinafter stated, the conclusions of law and the judgment entered by the trial judge are erroneous and must be vacated.

Findings of fact numbers 1, 5, 6, 7, 8, 9, and 12 resolve all of the material issues involved in the Jaynes case, and entitle plaintiffs to a proper judgment against Jaynes in accordance with the principles hereinafter set out.

[4] The findings of fact are not dispositive of the material issues in the McLean case because they fail to determine whether Mr. McLean was acting for himself only, or was acting in behalf of Mrs. McLean and himself, or indeed who conducted the negotiations, when the purchase of a portion of the property in controversy was made from Jaynes. When the trial court fails to find the material facts to dispose of the issues the case must be remanded for a new trial. 1 Strong, N. C. Index 2d, Appeal and Error, § 57, p. 221. Therefore, there must be a new trial in the McLean case.

"An option to buy or sell land, more than any other form of contract, contemplates a specific performance of its terms, and it is the right to have them specifically enforced that imparts to them their usefulness and value. Strictly speaking, however, it is inaccurate to speak of the specific performance of an option; an option is an agreement by which a person binds himself to perform a certain act for a stipulated price within a designated time, leaving it to the discretion of the person to whom the option is given to accept it upon the terms specified, which, so long as it remains unaccepted, is a unilateral writing lacking in the mutual elements of a contract. The remedy of specific performance can be invoked only upon the theory that the optionee has accepted the offer and the agreement has ceased to be an option and has ripened into a mutually binding and mutually enforceable contract." 71 Am. Jur. 2d, Specific Performance, § 142, p. 184.

The option to purchase the real estate was severable from the option to purchase the cows and the milk base. They constituted two options written into the same memorandum. Indeed, defendants Jaynes to some extent treated them as severable. They conveyed the cows and the milk base during the period of time plaintiffs had the right to purchase them. The trial judge was correct in treating the option to purchase the

Lawing v. Jaynes and Lawing v. McLean

land as severable from the option to purchase the cows and the milk base.

**[5]** The act of defendants Jaynes in conveying a portion of the property to defendants McLean complicates the relief available against Jaynes. "Since a court of equity will not do a useless thing or make a nugatory decree, specific performance will not, as a rule, be decreed against a defendant who is unable to comply with his contract." This is true even though the inability to comply is caused by defendants' own act. 71 Am. Jur. 2d. Specific Performance, § 69, p. 99. Ordinarily, when defendant, by his own act, makes compliance with the option impossible, his liability upon the agreement is for damages only. 71 Am. Jur. 2d, Specific Performance, § 126, p. 161. However, where defendant conveys a portion of the land subject to the option and retains a portion, specific performance may be decreed for the portion retained.

**[6, 7]** The evidence in this case tends to show and the trial court so found, that Mr. McLean had actual notice of the pendency of the lawsuit against Jaynes to obtain specific performance by Jaynes to convey the land in controversy to plaintiffs. However, as pointed out above, the trial court failed to resolve the material issue of the authority of Mr. McLean to act for Mrs. McLean. The agency of a husband for his wife may be shown by direct evidence or by evidence of facts and circumstances which will authorize a reasonable and logical inference that he was authorized to act for her. Slight evidence of agency of a husband for his wife is sufficient to charge her when she receives, retains, and enjoys the benefits of the contract. *Norburn v. Mackie,* 262 N.C. 16, 136 S.E. 2d 279; 41 C.J.S., Husband and Wife, § 70, pp. 548-49. *See also Tomlins v. Cranford,* 227 N.C. 323, 42 S.E. 2d 100, where the following is stated: "But defendants contend that this evidence of notice [of insanity of grantor] related only to the male defendant, that the *feme* defendant is the grantee, and there is no evidence she had any knowledge thereof. This contention is supported by the record, but it will not avail them. All the evidence tends to show that the male defendant, in procuring the deed, was acting as agent for his wife. Notice to him was notice to her. She now ratifies his acts and claims the fruits of his efforts. She cannot claim the one and escape the other. *See also, Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785.

[8]  As pointed out above, the recorded option from Jaynes to plaintiffs showing an expiration date of 1 March 1966 did not constitute constructive notice to McLean in 1971 of plaintiffs' claim to the property. Also, as pointed out above, in the absence of a properly filed and indexed notice of lis pendens, the record of the action pending between plaintiffs and Jaynes did not constitute constructive notice to McLean in 1971 of plaintiff's claim to the property. The doctrine of lis pendens as it is ordinarily understood in this State only affects third persons who may take title after complaint is filed *and* notice of lis pendens is filed and cross-indexed in the Record of Lis Pendens. G.S. 1-117 and G.S. 1-118. However, our statutes deal only with *constructive* notice. Where a third party buys from defendants with *actual* notice or knowledge of the suit, and its nature and purpose, and the specific property to be affected, he takes title burdened with the same obligations as his grantors'. *See Morris v. Basnight*, 179 N.C. 298, 102 S.E. 389. If defendants McLean purchased from defendants Jaynes the land in controversy, or a portion thereof, with *actual* notice or knowledge of the suit pending between plaintiffs and defendants Jaynes to compel specific performance by Jaynes of an obligation to convey the land in controversy to plaintiffs, defendants McLean are in no better position than defendants Jaynes to defend a suit for specific performance of the contract with plaintiffs.

[9]  The judgment appealed from directs that the contract be performed in a manner other than as provided in the option. This was error. "In rendering a decree of specific performance, the court has no power to decree performance in any other manner than according to the agreement of the parties." 71 Am. Jur. 2d, Specific Performance, § 211, p. 270. *See also, McLean v. Keith,* 236 N.C. 59, 72 S.E. 2d 44; 7 Strong, N. C. Index 2d, Specific Performance, p. 35.

[10]  "In a suit to compel specific performance of a contract to convey land which, subsequently to the execution of the contract, has been conveyed by the vendor to, and paid for by, a third person, the decree should require a conveyance by the latter, and entitle him to the purchase money, and not declare his deed void and direct payment of the purchase money to the original vendor." 71 Am. Jur. 2d, Specific Performance, § 221, p. 287. A decree of specific performance should be equitable to both the plaintiffs and the defendants. Generally for the form, purpose

and content of a decree for specific performance, see 71 Am. Jur. 2d, Specific Performance, F. Decree, §§ 221-226, pp. 287-297.

The results are these:

In the Jaynes case the findings of fact will not be disturbed; the conclusions of law and decree are vacated; and the cause is remanded for entry of a proper decree upon the facts as found.

In the McLean case a new trial is ordered.

Jaynes appeal. Remanded with directions.

McLean appeal. New trial.

Judges CAMPBELL and BALEY concur.