AMOS E. REED v. ROYCE BYRD

No. 7810SC687

(Filed 19 June 1979)

1. State § 12— State employees—demotion for just cause—private investigation of superior—refusal to cooperate in investigation

As used in the statute providing that no State employee may be reduced in pay or position except for "just cause," the term "just cause" would include either the undertaking of a private investigation of a superior or the refusal to answer questions in a departmental investigation.

2. State § 12— State employee—authority of State Personnel Commission to reinstate demoted employee

The provisions of G.S. 126-37 giving the State Personnel Commission the authority to restore a State employee to a position from which he has been demoted must be read in conjunction with G.S. 126-35 which forbids demotion without just cause, and the Commission therefore does not have the power to restore a State employee to a position from which he has been demoted without some finding that the employee has been treated wrongfully.

3. State § 12— State employees—demotion for refusal to cooperate in investigation—no finding of justification—no authority by Personnel Commission to reinstate

The State Personnel Commission did not have the authority to reinstate an employee of the Department of Corrections to the position from which he was demoted where the Commission found upon competent evidence that the employee refused to cooperate in a departmental investigation and the Commission made no finding that the refusal to cooperate was justified.

Judge MARTIN (Robert M.) dissenting.

APPEAL by petitioner from McLelland, Judge. Judgment entered 2 June 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 6 April 1979.

The respondent, Royce Byrd, has been for many years an employee of the Department of Corrections and in 1977 he was a Correctional Sergeant at the McDowell Prison Unit. In 1977 he was demoted and transferred for violating the chain of command and for failure to assist in an investigation by the Division of Prisons. On 24 June 1977 a hearing was held by the State Personnel Commission.

The evidence at the hearing was that respondent felt that one of his superiors in the Department was harassing him. Pursuant to rumors he had heard, respondent began a surveillance of the superior to determine whether the superior was having an affair with a female employee of the Department. He recorded his observations and obtained copies of certain motel receipts and telephone bills during the course of the surveillance. In December 1975, the respondent discussed the situation with Grady Waycaster, Supervisor of the McDowell Unit. Mr. Waycaster caused an investigation to be commenced by the State Bureau of Investigation as to the possible misuse of State property by respondent's superior.

In January 1976, Ralph Edwards, Director of Prisons, learned of the SBI investigation and instructed H. M. Lilly, Geographic Command Manager, to make an investigation for the Division of Prisons. Lilly questioned the respondent who admitted making personal observations of his superior and the female prison employee. Respondent refused to divulge the source of the copies of the receipts and telephone bills, giving as his reason that he felt he was being prosecuted rather than his superior. Subsequently, he told Edwards that he had received the bills and receipts annonymously through the mail. Shortly after the interviews with Lilly and Edwards, respondent was transferred and demoted because of his error in conducting a personal investigation, failing to report what he knew through the chain of command, and failing to assist the Department in its investigation.

The State Personnel Commission made findings of fact in accordance with the evidence and concluded respondent had exercised poor judgment when he undertook to monitor the off-duty activities of his superior, but that it was unreasonable to expect respondent to follow his chain of command in reporting the alleg-

ed misconduct because his superior was in that chain of command. The State Personnel Commission made no conclusion as to the facts supporting the Department of Corrections' determination that the respondent had failed to assist the Department in an investigation. The State Personnel Commission ordered the respondent reinstated to his former rank and pay grade. Amos Reed, Secretary of the Department of Corrections, petitioned the Superior Court of Wake County for review. On 2 June 1978 the superior court entered an order affirming the action of the State Personnel Commission.

*Attorney General Edmisten, by Assistant Attorney General Ben G. Irons II, for petitioner appellant.*

*Hatcher, Sitton, Powell and Settlemeyer, by Claude S. Sitton, for respondent appellee.*

WEBB, Judge.

Chapter 126 of the General Statutes established a State Personnel System. The State Personnel Commission was created by G.S. 126-2. G.S. 126-4 provides:

> Subject to the approval of the Governor, the State Personnel Commission shall establish policies and rules governing each of the following:
>
> \*    \*    \*
>
> (6) The appointment, promotion, transfer, demotion and suspension.
>
> \*    \*    \*
>
> (9) The investigation of complaints and the hearing of appeals of applicants, employees, and former employees and the issuing of such binding corrective orders or such other appropriate action concerning employment, promotion, demotion, transfer, discharge, and reinstatement in all cases as the Commission shall find justified.

G.S. 126-35 provides:

> No permanent employee subject to the State Personnel Act shall be discharged, suspended, or reduced in pay or posi-

tion, except for just cause. . . . The employee, if he is not
satisfied with the final decision of the head of the depart-
ment, . . . may appeal to the State Personnel Commission.

G.S. 126-37 provides:

The State Personnel Commission is hereby authorized to
reinstate any employee to the position from which he has
been removed, to order the employment, promotion, transfer,
or salary adjustment of any individual to whom it has been
wrongfully denied or to direct other suitable action to correct
the abuse which may include the requirement of payment for
any loss of salary which has resulted from the improperly
discriminatory action of the appointing authority.

Pursuant to G.S. 126-4, the State Personnel Commission has
established rules and policies governing the investigation of com-
plaints by employees and the issuing of binding corrective orders.
The rules and policies set forth certain things which are causes
for suspension or dismissal, but do not set forth any matters
which will be considered as justification for wrongful acts.

[1-3]  The question posed on this appeal is whether under the
statutes and policies adopted pursuant thereto the State Person-
nel Commission exceeded its authority in ordering the reinstate-
ment of respondent in light of the evidence and its findings of
fact. We hold the Commission exceeded its authority. Looking
first at the statutes, G.S. 126-35 provides no employee may be
reduced in "pay or position, except for just cause." The statutue
does not define "just cause," but giving the words their ordinary
meaning, we believe it would include either the undertaking of a
private investigation of a superior or the refusal to answer ques-
tions in an investigation within the Department. The Commission
has made a finding of justification for undertaking the
surveillance, but has not made any conclusion as to the refusal to
cooperate. We are left then with a finding supported by the
evidence that the respondent has refused to cooperate in a
departmental investigation. This would be just cause for a reduc-
tion in pay or position under G.S. 126-35. G.S. 126-37 gives the
State Personnel Commission power to grant relief to employees
by reinstating them to positions from which they have been
removed. The clause which gives the Commission this power does
not say the employee must have been wrongfully removed in

order for the Commission to exercise this power. Other clauses in the section use the terms "wrongfully denied" and "correct the abuse" in stating the conditions which must be met in order for the Commission to enter an order affecting an employee's status. We do not believe the General Assembly intended that the State Personnel Commission would have the power to restore a State employee to a position from which he had been demoted without some finding that the employee had been treated wrongfully. We believe G.S. 126-37 must be read in conjunction with G.S. 126-35 which forbids demotion without just cause. The conclusion of the Commission is that the respondent did not act unreasonably in not following the chain of command. There was no conclusion as to his failure to cooperate in the investigation. Assuming the conclusion of the Commission was proper, it leaves a finding of fact by the Commission that the respondent failed to cooperate with his superiors with no conclusion that this was justified in any way. On this finding of fact it cannot be said the defendant was demoted wrongfully or without just cause. Based on this finding we hold the Commission could not under G.S. 126-37 reinstate respondent to the position from which he had been demoted.

G.S. 126-4 gives the Commission the power with the approval of the Governor to establish policies under the act. We are not faced with the question of whether the Commission can establish a policy with the approval of the Governor under which it can excuse improper conduct by an employee because it has made and the Governor has approved no such policy. Since the Governor must approve policies under the statute, the Commission does not have the power to alter such policies by ad hoc decision in each case. The Commission must follow the policy which has been set and as it was approved by the Governor.

In this case the Commission has found, based on competent evidence, that Royce Byrd refused to cooperate in a departmental investigation. The Commission did not make any finding of justification for this and we can find no evidence of justification in the record. We hold that under the statute and policies adopted thereto, this was wrongful conduct and just cause for demotion. The Commission does not have the power to order the reinstatement of respondent Royce Byrd under the circumstances. We make no decision as to the Commission's conclusion that the respondent was justified in not going through the chain of com-

mand because it is not necessary for a decision in this case. Nor do we pass on what the result would be if the Commission had made a policy with the approval of the Governor that it could order an employee reinstated although it finds he has done something wrongful. That question is not before us.

The petitioner has not sought to have us consider whether the unfettered discretion which the respondent Byrd contends the General Assembly has granted to the Commission by enacting the statutes previously referred to herein would constitute an unconstitutional delegation of the legislative power of the General Assembly to the Commission in violation of Article I, § 6 and Article II, § 1 of the Constitution of North Carolina. For this reason, we need not consider that issue.

We hold the superior court was in error in affirming the order of the State Personnel Commission. On the evidence and facts found by the Commission, the Department of Corrections was justified in the action it took in regard to respondent. We reverse and order this case returned to the Superior Court of Wake County for the entry of an order consistent with this opinion.

Reversed and remanded.

Judge MITCHELL concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.) dissenting.

I dissent from my learned brethren of the majority upon three grounds. I explore them in detail below.

First, I dissent from the majority's attempt to do a thing which they had no authority to do: namely, to enter a factual conclusion and a conclusion of law based thereon which is precisely contrary to the findings of the administrative tribunal below. The majority's opinion, at page 629, *ante*, states that "[i]n this case the Commission has found, based on competent evidence, that Royce Byrd [respondent in this matter] refused to cooperate in a Departmental investigation. The Commission did not make any finding of

Reed v. Byrd

justification for this and we can find no evidence of justification in the record." The majority then concludes that this conduct was wrongful and was just cause for demotion as a matter of law. With this conclusion I cannot agree.

The Commission has not, in any part of the record before me, made any finding that respondent failed to cooperate with a departmental investigation. What the Commission *did* find was:

(1) respondent, having turned over to the investigatory authorities certain copies of telephone and motel records, did not divulge the source of the copies; and

(2) when asked by Ralph Edwards about the source of the records, respondent told him that he received them anonymously in the mail.

From these two events, the Department made a conclusion that respondent was not cooperating with their investigation, and cited this as one of the two grounds for repondent's demotion. The record, however, is devoid of any evidence which shows how, if at all, the information sought from respondent was at all pertinent to the Department's investigation. The copies of telephone and motel records submitted by respondent were easily verifiable by petitioner without regard to their source and we fail to see how that information was relevant to the proper scope of the Department of Correction's inquiry. In view of respondent's apparently justifiable concern that he, rather than his wrongdoing superior, was being made the target of an investigation, I find no fault in his refusal to answer the two specific questions which concern us in this case. The burden should be upon the agency seeking to demote an employee to establish that an employee's conduct was such as would actually constitute "just cause" for demotion. The State Personnel Commission, in declining to find that respondent's actions were a "failure to cooperate in a Departmental investigation" and in not seeking to justify the actions of respondent in its conclusions, obviously was of the opinion that the Department of Corrections simply had not carried its burden with respect to its allegations (since no evidence was adduced that the investigation was in any way hampered by respondent's failure to divulge the name of his sources of records) and therefore properly declined to make the findings and conclusions the Department of Corrections was contending for. The Depart-

ment did not except to any of the Commission's factual findings; the conclusions reached by the Commission are supported by those findings and the evidence from which they are derived, and, in the absence of manifest abuse of discretion on the part of the Personnel Commission, we should accord the deference to those findings and conclusions that has historically been accorded to such findings and has been considered appropriate in appellate review. *See, e.g., Arnold v. Ray Charles Enterprises, Inc.,* 264 N.C. 92, 141 S.E. 2d 14 (1965); *Re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971). No such abuse of discretion has been made to appear on the record before me, and I cannot find that any exists. The majority seeks to chart a dangerous course and to set questionable precedent when, upon the cold record in a closely contested matter, they reverse both the factual and legal conclusions reached by an administrative tribunal, basing that reversal upon evidence which the administrative tribunal clearly interpreted in a manner precisely contrary to that of the majority's opinion.

Second, even if I were disposed to seek error in the area of respondent's purported failure to cooperate with a departmental investigation, this Court has acquired no jurisdiction to do so upon the face of the record. The Department of Corrections, when it sought judicial review in Superior Court of the findings and conclusions of the Personnel Commission, took exception to the Commission's failure to find that respondent failed to cooperate. The Superior Court, after reviewing the evidence and receiving argument from counsel, also declined to make any finding or conclusion on that point. No exception was taken by the Department of Corrections to the Superior Court's action in this respect. Therefore, that purported error upon which the majority reverses the Personnel Commission and the Superior Court is not even before us for review, as it must be deemed to have been waived by the petitioner in the absence of properly preserved exceptions, assignments of error and briefs on the point, none of which have come to my attention in this matter. *See Jarman v. Jarman,* 14 N.C. App. 531, 188 S.E. 2d 647, *cert. denied* 281 N.C. 622, 190 S.E. 2d 465 (1972); *see also Manning v. Commerce Ins. Co.,* 227 N.C. 251, 41 S.E. 2d 767 (1947). The majority does not feel it necessary to reach the questions actually presented by this appeal pursuant to properly preserved exceptions and assignments of error. Ac-

Reed v. Byrd

cordingly, on these facts, the judgment of the Superior Court should be affirmed if no error appears requiring this Court's attention. I find none, the majority does not indicate that it has found any, and I would, on this basis, vote to affirm the ruling of the Superior Court affirming the action of the State Personnel Commission.

Third, even if the error complained of had been properly preserved and brought forward for our review, the limit of our authority in these circumstances would be to remand for further findings. *See Lawing v. Jaynes*, 20 N.C. App. 528, 202 S.E. 2d 334, *mod. on other grounds* 285 N.C. 418, 206 S.E. 2d 162 (1974). N.C. Gen. Stats. § 126-35 provides: "No permanent employee . . . shall be . . . reduced in . . . position, except for just cause. . . ." N.C. Gen. Stats. § 126-37 provides: "The State Personnel Commission is . . . authorized to reinstate any employee to the position from which he has been removed. . . ." Petitioner has been an employee of the Department of Corrections for over thirteen years and was, therefore, a permanent employee within the meaning of the Act. N.C. Gen. Stats. § 126-35 creates a reasonable expectation of continued employment and a property interest within the meaning of the due process clause. *See Faulkner v. North Carolina Department of Corrections*, 428 F. Supp. 100 (W.D.N.C. 1977).

I find no words in the statutes that take away or diminish the criteria that no permanent employee shall be reduced in position except for "just cause." The Superior Court, after reviewing the record of the Commission proceeding and hearing arguments, concluded as follows:

1. Petitioner, although a State agency, is a person as that term is used in General Statute 150A-43, and is entitled to judicial review of a final decision of the State Personnel Commission, another State agency.

2. The authority given the Personnel Commission by Article 8 Chapter 126, North Carolina General Statutes, is to determine whether acts or omissions upon which disciplinary action was predicated constitute just cause for that action. Neither the statutes nor regulations promulgated by the Commission provide that any particular acts or omissions shall constitute such cause. The Commission has authority to reinstate an employee to the position

from which he was removed, and to order transfer or salary adjustment resulting from improperly discriminatory action of the appointing agency.

3. The numerous findings of fact by the Commission are supported by evidence, and some of the facts found are similar to those listed in Commission regulations as representative of acts for which disciplinary action may be taken.

4. The conclusions reached by the Commission are not logically impelled by its findings of fact, they do not state that the findings are not sufficient to constitute just cause for the disciplinary action taken by petitioner, nor do they state that such action was improperly discriminatory against respondent. Instead, the conclusions reflect the Commission's feeling that the acts of the respondent are excusable.

5. The Commission's authority to determine whether there is just cause for disciplinary action includes authority to determine whether particular acts, even acts representative under Commission regulations of those constituting just cause for discipline, are excusable.

6. The Commission's determination that respondent's acts are excusable is neither arbitrary nor capricious, unsupported by substantial evidence, violative of constitutional or statutory law or procedure, nor in excess of statutory jurisdiction or authority.

Both the State Personnel Commission and the Superior Court interpreted the expression "just cause" as meaning a cause which when viewed in the light of all pertinent evidence, would be sufficient to warrant disciplinary action against a State employee. Logically, there may exist actions which, in the absence of any justifying circumstances, would constitute grounds for disciplinary action but yet, when viewed in the light of all evidence brought forward, might be seen as justifiable under the circumstances and therefore not deserving of any sanction or reprimand. The law has long recognized this principle in many areas. The State Personnel Commission, which heard all of the evidence and had the fullest opportunity to weigh the credibility

and demeanor of all of the witnesses, concluded that the respondent had exercised questionable judgment, but that his actions were not "just cause" for demotion and transfer because they were, under the circumstances, excusable. The Superior Court, upon review of the record of the administrative proceeding and hearing arguments, concluded that the State Personnel Commission had properly applied the law and exercised its discretion in dealing with this matter. If this Court wishes to disagree with these conclusions (and I do not), the proper remedy is to remand the cause to the Superior Court for remand to the State Personnel Commission for the making of further findings and conclusions. The Commission found that respondent had refused to answer questions on one occasion, but did not determine that such action constituted "just cause" for the demotion of respondent as contended by petitioner and, I think, refuted by respondent. If the majority is concerned that the State Personnel Commission did not make a finding that was required, remand for further findings is the appropriate means by which to alleviate the problem. For these reasons, I would, therefore, vote to remand to the Superior Court with instructions to remand to the State Personnel Commission with instructions to make further findings as to whether respondent's failure to answer questions concerning the source of his telephone and motel records constituted "just cause" for his demotion, and whether there was any justification for his actions which would excuse them should they be found to constitute just cause for demotion.

In summary, I am of the opinion that this Court has no jurisdiction over the aspect of the case which the majority purports to deal with, that the majority exceeds this Court's authority in making evidentiary findings and conclusions precisely contrary to those of the fact-finding tribunal of original jurisdiction, and that the remedy ordered is not the proper or appropriate one. Accordingly, I dissent from their opinion.