JOHN C. BROOKS, COMMISSIONER OF LABOR OF THE STATE OF NORTH CAROLINA v. NELMA D. BEST

No. 7910SC687

(Filed 4 March 1980)

**State § 12— dismissal of State employee—erroneous order of reinstatement by Personnel Commission**

The State Personnel Commission erred in ordering that defendant be reinstated to her position as Personnel Technician II in the Department of Labor on the ground that her dismissal was too harsh in view of her long tenure where both the hearing officer and Full Commission made findings showing that defendant on numerous occasions failed to perform her duties properly, and the record therefore showed that her dismissal was justified.

APPEAL by plaintiff from *Braswell, Judge*. Judgment entered 1 June 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 6 February 1980.

Defendant Nelma Best was released from her employment with the North Carolina Department of Labor in December 1976. Defendant had worked in state government for over twenty years, and at the time of her release was serving as a Personnel Technician II, directly responsible for the accuracy of records by which department employees' rate of compensation was determined.

After defendant's release, internal grievance procedures were followed. A hearing officer for the State Personnel Commission conducted a hearing on 28 September 1977 and, in an order dated 22 November 1977, made findings of fact and conclusions supporting defendant's release from employment.

The Full Commission met to consider the matter, adopted the hearing officer's findings of fact and then concluded that, ". . . in view of Ms. Best's long tenure . . . her dismissal was too harsh." The Commission ordered plaintiff to reinstate defendant to her position as a Personnel Technician II with the proviso that if Labor Commissioner Brooks should find defendant's performance unsatisfactory after six months, he could take action, with no right of appeal, to demote defendant to ". . . a position in which she can satisfactorily function."

Plaintiff appealed the decision of the Full Commission pursuant to G.S. 126-43 and G.S. 150A-43, et seq. Jurisdiction was established in the Wake County Superior Court pursuant to G.S. 150A-45. The superior court declared that portion of the Full Commission's order which restricted defendant's right of appeal to be violative of due process. The court concluded as a matter of law, however, that the Full Commission's determination that defendant should be reinstated was supported by the record and remanded the case to the Commission for reconsideration of its order, not inconsistent with reinstatement of defendant.

From the judgment of the court, plaintiff appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Robert A. Hassell for defendant appellee.*

HILL, Judge.

The Personnel Commission went beyond its authority when it reinstated defendant. The superior court erred in its conclusion that the record supported the Commission's action and its order supporting the Full Commission's reinstatement of defendant.

G.S. 126-35 states that, "[n]o permanent employee subject to the State Personnel Act shall be discharged, suspended, or reduced in pay or position, except for just cause." Both the hearing

officer and the full personnel Commission found numerous facts which detailed defendant's inability to handle her duties as a Personnel Technician II. The hearing officer concluded that defendant ". . . committed more than a reasonable allotment of errors . . . ."

The Full Commission, pursuant to G.S. 126-37, may reinstate a state employee to the position from which he has been removed. The implication in that section, however, is that the Commission can only act to correct an abuse or where there is a wrongful denial. "We believe G.S. 126-37 must be read in conjunction with G.S. 126-35 . . . ." *Reed v. Byrd*, 41 N.C. App. 625, 629, 255 S.E. 2d 606 (1979).

> We do not believe the General Assembly intended that the State Personnel Commission would have the power to restore a State employee to a position from which he had been demoted without some finding that the employee had been treated wrongfully. *Reed*, at p. 629.

The record in the case *sub judice* is clear. Defendant failed to perform her duties properly on numerous occasions. Plaintiff's action in removing defendant from her position as a Personnel Technician II was justified. There was no abuse. The Commission erred by ordering defendant's reinstatement.

Neither party questions that portion of the order which restored defendant's due process right to appeal any final action taken by Labor Commissioner Brooks regarding her employment. That portion of the order is not before us. Our disposition of the case, of course, makes the question moot. Nevertheless, we think it is obvious that the portion of the trial court's order is clearly correct.

We reverse that portion of Judge Braswell's order affirming the determination by the Full Commission that the defendant be reinstated and remanding the case to the Full Commission for reconsideration of its order, not inconsistent with reinstatement of the defendant. We remand the case to the superior court for the purpose of entering judgment reversing the decision of the Full Commission and directing the Full Commission to enter an order affirming the decision of John C. Brooks, the Commissioner of Labor.

Reversed and remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.