NORTH CAROLINA A & T UNIVERSITY v. ODESSA G. KIMBER

No. 8010SC225

(Filed 7 October 1980)

1. State § 12– State employee – dismissal for absenteeism, tardiness, falsification of time sheets – improper reinstatement by State Personnel Commission

The State Personnel Commission's determination that North Carolina A & T University acted unfairly in dismissing a secretarial employee was not supported by substantial evidence, and the Commission exceeded its authority in ordering that the employee be reinstated to a comparable position and that her falsification of her time records be made a part of her permanent record, where the Commission found upon substantial evidence that the employee was dismissed because she had been absent on numerous occasions without approved leave, had a habitual pattern of failing to report for duty at the assigned time, and had falsified her time sheets in order to reflect inaccurately her arrival time, since such facts constituted sufficient grounds for the employee's dismissal, and the Commission had no authority to excuse such improper conduct.

2. State § 12– State employee – dismissal for absenteeism – hindrance of operation – knowledge of whereabouts

The State Personnel Commission acted arbitrarily in basing its decision that North Carolina A & T University acted unfairly in dismissing a secretarial employee for absenteeism, habitual tardiness and falsification of time sheets in part upon findings that the University failed to prove that her absences were not for valid reasons, that her absences hindered the operation of the secretarial pool, or that the University was unaware of her whereabouts.

3. State § 12– State employee – dismissal for absenteeism, tardiness – failure to grant "flex time"

The dismissal of a secretarial employee at North Carolina A & T University for absenteeism, habitual tardiness and falsification of time sheets was not unfair because her supervisors denied her "flex time" where the

record shows that the physical plant where the employee worked operated on a 24-hour basis, persons granted "flex time" were given such for the benefit of the administration, and the dismissed employee was assigned to a particular supervisor and her hours were set to conform to his.

APPEAL by respondent from *Bailey, Judge.* Order entered 5 October 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 10 September 1980.

Respondent Odessa Kimber was employed in the physical plant at North Carolina A & T University for fifteen years and was a member of the newly established secretarial pool from 1976 until her employment was terminated effective 4 July 1978. The letter of dismissal written by her supervisor informed Ms. Kimber that she was dismissed for three reasons:

(1)  Absence without approved leave;

(2)  Habitual pattern of failure to report for duty at the assigned time;

(3)  Falsification of records.

Ms. Kimber appealed her dismissal through the various steps and procedures outlined in Chapter 126 of the General Statutes and Regulations of the State Personnel Commission. The hearing officer found facts showing that Ms. Kimber's personal problems required her to be late for work on occasion; that she exhausted her petty leave and was denied the use of annual leave because she could not give two weeks' notice; that she was asked to punch a time card and keep a record of her time of arrival; and that she falsified the records to show an earlier arrival.

The hearing officer concluded that because the petitioner had failed to show that Ms. Kimber's absences were not for valid reasons, that her absences hindered the operation of the secretarial pool, or that the petitioner was unaware of respondent's whereabouts, the University had not shown just cause to dismiss Ms. Kimber. Secondly, the hearing officer concluded that Ms. Kimber's habitual failure to report for duty at the assigned time was related to her supervisor's refusal to give her a later time to report for work and that her personal circumstances and the unreasonable refusal to modify her work schedule did not warrant her being disciplined for reporting to work

late. The hearing officer concluded that Ms. Kimber's falsifications of the time sheets were not done for the purpose of cheating the State out of money, but to avoid being dismissed, and that because her requests to report at a later time had been unjustifiably denied, dismissal under the circumstances of this case was too harsh a disciplinary measure. The officer concluded, however, that Ms. Kimber should be disciplined in some manner. Finally, the hearing officer concluded that Ms. Kimber had not received the type and quality of supervision expected in State Government to aid her in performing her job, and that the responsibility for her dismissal rests equally on Ms. Kimber's and management's shoulders.

The hearing officer recommended that the State Personnel Commission reinstate Ms. Kimber to a comparable position which would permit her to report to work at 8:30 or later and receive back pay in the amount of one-half of her net loss, together with her attorney fees.

The State Personnel Commission adopted the findings of fact made by the hearing officer, but modified the conclusions reached, adjudging that Ms. Kimber's actions warranted disciplinary action but not dismissal. The Commission ordered Ms. Kimber's reinstatement at another location plus one-half net pecuniary loss and attorney fees.

The University petitioned the superior court for judiciary review, contending the Commission's decision was arbitrary and capricious in violation of G.S. 150A-51(6), unsupported by substantial evidence in violation of G.S. 150A-51(5), and in excess of the statutory authority of the Commission in violation of G.S. 150A-51(2). The judge examined the records and briefs, heard arguments of counsel, made findings and conclusions, and ordered the decision of the Commission be reversed and the action of the University in dismissing Ms. Kimber be affirmed. Ms. Kimber appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Edwin M. Speas Jr., for North Carolina A & T University, petitioner appellee.*

*Loflin, Loflin & Acker, by Thomas F. Loflin III, for respondent appellant.*

HILL, Judge.

[1] The superior court's first ground for reversing the State Personnel Commission was that the Commission had acted in excess of its statutory authority. The authority of the court is clear:

> The Court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions or decisions are:
>
> \*   \*   \*   \*   \*   \*   \*   \*
>
> (2)  In excess of the statutory authority or jurisdiction of the agency;

G.S. 150A-51(2).

The authority of the Full Commission has been addressed by this Court in *Brooks v. Best*, 45 N.C. App. 540, 263 S.E. 2d 362, *disc. rev. denied* 300 N.C. 371 (1980). This Court concluded in *Brooks* that "[t]he Full Commission, pursuant to G.S. 126-37, may reinstate a state employee to the position from which he has been removed. The implication in that section, however, is that the Commission can only act to correct an abuse or where there is a wrongful denial." *Brooks* at p. 542.

[1] Was Ms. Kimber wrongfully terminated? We find that she was not and that the Commission exceeded its authority when it reinstated Ms. Kimber. The reviewing court was correct in holding that the Commission's determination that the University acted unfairly in dismissing Ms. Kimber is not supported by substantial evidence. *See* G.S. 150A-51(5).

G.S. 150A-51(5) provides that the court may modify or reverse the Commission's decision if it is "unsupported by substantial evidence ... in view of the entire record ...." The standard of judicial review in subdivision (5) is the whole record test. The reviewing court is not at liberty to replace the Commission's judgment as between two reasonably conflicting views. Yet, the court must take into account whatever in the record fairly detracts from the weight of the Commission's evidence. Under subdivision (5), the reviewing court may not consider the evidence which justifies the Commission's result, without taking into account contradictory evidence or evidence

from which conflicting inferences could be drawn. *Thompson v. Board of Education,* 292 N.C. 406, 410, 233 S.E. 2d 538 (1977).

The reviewing court found that the evidence presented to the Commission showed Ms. Kimber was dismissed for three reasons. Ms. Kimber had been absent without approved leave, had an habitual pattern of failing to report for duty at the assigned time and had falsified her time sheets in order to inaccurately reflect her arrival time. Such facts, which were found by the Commission and for which there is substantial evidence in the record, constituted sufficient grounds for Ms. Kimber's dismissal.

It is at this point that the Commission exceeded its authority in breach of G.S. 150A-51(2). The Commission found no facts to indicate there had been a "wrongful denial" of employment. Yet, in this case the hearing officer and the Commission sought to create an intermediate remedy by reinstating Ms. Kimber to a comparable position and ordering that her falsification of time records be made part of her permanent record. We find no authority for the Commission's action. An examination of the whole record shows no substantial evidence for a finding that Ms. Kimber had been wrongfully denied employment.

In fact, the record is replete with evidence of fair and reasonable treatment of the appellant by her supervisors. This evidence is ignored by the hearing officer. The record reveals the supervisor had been working with Ms. Kimber for several years to remedy her failure to report to work on time. She was warned on at least five occasions, either in writing or orally, that her habitual absences and failure to obtain such approval for leave could lead to her dismissal. Ms. Kimber failed to heed these warnings, and it was not until it became clear that she would not change her behavior that she was terminated. In addition, Ms. Kimber was specifically warned immediately prior to the falsification of her time record to record the time she actually came to work and not the time she was scheduled to come to work. The very next day she falsified her records. The time record indicated substantial tardiness on a daily basis.

The Commission's action reinstating Ms. Kimber was in excess of its statutory authority. *See* G.S. 150A-51, G.S. 126-35, G.S. 126-37. The Commission has no policy under which it can excuse improper conduct by an employee and no such policy has

been approved by the Governor. *See Reed v. Byrd,* 41 N.C. App. 625, 629, 255 S.E. 2d 606 (1979).

**[2]** Ms. Kimber next contends the findings of fact made by the Personnel Commission that she was unfairly treated are supported by substantial evidence so that the Commission's findings are not arbitrary and capricious.

G.S. 150A-51(6) provides that the reviewing court may modify the decision of the Personnel Commission if the substantial rights of the petitioner have been prejudiced because the Commission's findings, inferences, conclusions or decisions are arbitrary or capricious.

The hearing officer in recommending that relief should be granted to Ms. Kimber, did so, at least in part, because the University failed to prove that her absences hindered the operation of the University's work and because the University failed to prove that it was unaware of her whereabouts. This conclusion was not modified by the Full Commission. The reviewing court held this action by the Commission to be arbitrary and capricious in violation of G.S. 150A-51(6). In the words of the reviewing court:

> As an apparent part of its determination of unreasonableness and unfairness to Ms. Kimber, the Commission cited the failure of the University to prove that her 'absences hindered the operation' of the University's work and the failure of the University to prove that they were 'unaware of (Ms. Kimber's) whereabouts.' *In effect, the Commission has said that it is unfair and unreasonable to dismiss an employee unless it can be proved that work was not completed or performed because of an absence, or unless it can be proved that no one knows of the whereabouts of the employee. Such considerations had no logical or rational relation to the issues before the Commission* and to the extent the Commission weighed these considerations in its decision it acted arbitrarily and capriciously within the meaning of G.S. 150A-51(6). (Emphasis added.)

Ms. Kimber does not deny that such propositions are arbitrary and capricious. Instead, she argues that these factors "were offered only to buttress the conclusion" that her supervisors acted unreasonably and unfairly in denying her "flex

time." These factors may not have been of primary importance in the Commission's determination of unreasonable and unfair actions by the University's supervisors. Nevertheless, such factors clearly infected and played a part in the Commission's decision and the decision-making process. The infection of an agency decision by consideration of such arbitrary and capricious matter is clearly violative of G.S. 150A-51(6).

[3] Finally, Ms. Kimber argues that the reviewing court erred in finding no evidence in the record to support a finding of fact or conclusion by the State Personnel Commission that the work schedule of other employees at the University was varied to suit those employees' personal needs.

Without question, there is evidence that some employees were allowed "flex time." However, it is unquestioned that Ms. Kimber was assigned to a particular supervisor and her hours were set to conform to his. Likewise, there is evidence that non-administrative employees were granted "flex time." However, there is also evidence that the Physical Plant where Ms. Kimber worked was operating on a 24-hour basis, and the persons granted "flex time" were given such for the benefit of the administration. We do not believe the legislature intended the Personnel Commission to sit as a "Super Employment Committee" with authority to substitute its judgment for every person having supervisory authority over any employee.

We conclude the reviewing court was correct in its decision to reverse the action taken by the Personnel Commission.

The decision of the reviewing court is

Affirmed.

Judges HEDRICK and WHICHARD concur.