BENNY G. VASSEY v. WILLIAM H. BURCH, M.D., ROY L. MORGAN, M.D., AND ST. LUKE'S HOSPITAL, INC.

No. 122

(Filed 15 August 1980)

**Hospitals § 3; Appeal and Error § 42— plaintiff suffering from appendicitis — negligence of hospital — hospital's evidentiary material not included in record on appeal**

In an action to recover damages for alleged malpractice where the record on appeal contained no evidentiary materials submitted by defendant hospital in support of its motion for summary judgment, it must be assumed that the record is complete and correct, and defendant's motion for summary judgment therefore should have been denied where plaintiff's verified complaint, affidavits and other evidentiary materials tended to show that plaintiff became violently ill and his parents took him to the hospital; plaintiff and his mother informed the nurse in attendance that plaintiff had severe pains in his right lower abdomen and was violently ill; plaintiff's mother twice asked the nurse whether her son might be suffering from appendicitis; the nurse replied in the negative and called plaintiff's regular doctor; in that discussion she told the doctor that plaintiff had no symptoms of appendicitis; as a result the doctor prescribed some medication and directed that defendant be sent home if he appeared to be better in thirty mintutes; accordingly, plaintiff was subsequently dismissed from the hospital without the taking of a blood count and without being otherwise

Vassey v. Burch

checked for appendicitis; plaintiff's condition deteriorated overnight; the next morning the doctor instantly recognized plaintiff's symptoms as acute appendicitis and sent him to the hospital for an immediate appendectomy; and during the course of the surgery it was discovered that his appendix had ruptured and severe peritonitis had developed.

   Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by plaintiff from decision of the Court of Appeals, 45 N.C. App. 222, 262 S.E. 2d 865 (1980), affirming judgment of *Riddle, S.J.*, entered 30 January 1979 in POLK Superior Court.

This is an action for damages for alleged malpractice on the part of defendants and their agents. A motion for summary judgment by St. Luke's Hospital, Inc., was allowed by the trial court and plaintiff appealed. The Court of Appeals upheld summary judgment for the Hospital, with Wells, J., dissenting, and plaintiff appealed to this Court as of right.

The verified complaint alleges that on 21 December 1974 plaintiff became ill and consulted Dr. Burch, who casually examined him. No tests were performed on plaintiff. Dr. Burch told plaintiff he was suffering from intestinal flu, gave him a shot of penicillin, and sent him home with some kind of liquid medicine. Later that day, plaintiff became so ill that his parents took him to the emergency room at St. Luke's Hospital about 3 p.m. There, both plaintiff and his mother conversed with the nurse in charge of the emergency room. They informed her that plaintiff had severe pains in his right abdomen, was violently ill, and asked if he could possibly be suffering from acute appendicitis. The nurse replied in the negative, called Dr. Morgan, who was plaintiff's regular doctor, and discussed the matter on the telephone with him. In that discussion she told Dr. Morgan that plaintiff had no symptoms of appendicitis. Dr. Morgan gave a prescription over the phone and directed that plaintiff be sent home if he appeared to be better in thirty minutes. Neither the doctor nor the nurse suggested a blood count or suggested that plaintiff be checked for appendicitis, and the Hospital dismissed him about thirty minutes after talking with Dr. Morgan.

Plaintiff further alleged that he was ill the entire night, suffered great pain in his right side and had severe vomiting.

The next morning he went to see Dr. Morgan at his office. The doctor immediately recognized his symptoms as acute appendicitis and sent plaintiff to St. Luke's Hospital for an immediate appendectomy. It was then discovered that the appendix had in fact ruptured and severe peritonitis had developed. Plaintiff remained in St. Luke's Hospital for five weeks and underwent four separate surgical procedures in an attempt to bring his condition under control. Plaintiff did not improve and was transferred to Baptist Hospital at Winston-Salem where he remained for several months. He has periodically returned to that hospital for additional surgery and treatment to the time of the filing of his complaint. Plaintiff alleges the cost of his medical attention and surgery to date is more than $60,000; his health has been permanently impaired, and he has no estimate of what the future cost will be.

Plaintiff further alleged that the negligence of the nurses in the emergency room is imputed to St. Luke's Hospital; that the nurses were negligent in that: (a) when plaintiff and his mother went to the hospital the nurses could see the intense pain and discomfort from which plaintiff was suffering and could see that he was vomiting and that they should have immediately recognized the possibility that he was suffering from appendicitis and should have so reported to Dr. Morgan; (b) the nurses not only failed to report his condition correctly to Dr. Morgan but told Dr. Morgan plaintiff had no symptoms of appendicitis; (c) such statements were made without any examination, without blood tests, and without any basis in fact; (d) the negligence and failure of the defendants, as set out in the complaint, to make any attempt to diagnose plaintiff's illness delayed proper medical treatment for his ruptured appendix and proximately caused the peritonitis to develop so that his life was endangered and he was forced to undergo many operations and many months of hospitalization and was forced to suffer severe pain and was not able to work for many months.

St. Luke's Hospital denied all material allegations of the complaint relating to it, denied that the nurse in charge of the emergency room was an employee of the hospital, and denied that the hospital was responsible for any negligence on her part.

The Hospital moved for summary judgment on the ground that there was no genuine issue as to any material fact and the movant was entitled to judgment as a matter of law. In support of this motion, the Hospital "respectfully [showed] unto the court the various pleadings filed in this action, including, but not limited to, verified answers to interrogatories served and filed with the court by the plaintiff, and other pertinent file material presently before the court."

In opposition to the Hospital's motion for summary judgment, plaintiff filed affidavits of himself and his mother which substantially corroborate the allegations of his complaint, an affidavit by Dr. Stewart Todd, one of the doctors who treated plaintiff at Baptist Hospital, stating that in North Carolina "it is accepted medical practice that if a patient comes into your office complaining of severe pains in the lower right lower quadrant of his abdomen, running a fever, and vomiting, he should be checked for appendicitis, a white blood count should be taken, his abdomen should be examined, and particularly the right lower quadrant should be examined to see whether or not it is tender. The failure to do this risks ruptured appendix and complications."

The order allowing summary judgment for the Hospital recites that the court "considered the pleadings in the action, affidavits, interrogatories and answers thereto and other pertinent file material presently before the court." Having heard argument of counsel, the court, being of the opinion that there was no genuine issue as to any material fact and that defendant Hospital was entitled to judgment as a matter of law, allowed the motion for summary judgment and dismissed the action against St. Luke's Hospital, Inc.

We note at this point that there are no "interrogatories and answers thereto and other pertinent file material" in the record now before us.

On plaintiff's appeal, the Court of Appeals affirmed, with Wells, J., dissenting. The only question now before the Court is whether the Hospital's motion for summary judgment was properly allowed.

*Hamrick & Hamrick, by J. Nat Hamrick; William H. Miller, attorneys for plaintiff appellant*

*Hedrick, Parham, Helms, Kellam, Feerick & Eatman, by Richard T. Feerick and Hatcher B. Kincheloe, attorneys for defendant appellee, St. Luke's Hospital, Inc.*

HUSKINS, Justice:

Did the Court of Appeals err in upholding summary judgment for St. Luke's Hospital, Inc.? For reasons which follow, we answer in the affirmative and reverse.

Rule 56, Rules of Civil Procedure, authorizes the rendition of summary judgment upon a showing by the movant that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The rule does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of facts exists. Summary judgment is designed to eliminate formal trials where only questions of law are involved by permitting penetration of an unfounded claim or defense in advance of trial and allowing summary disposition for either party when a fatal weakness in the claim or defense is exposed. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). "The device used is one whereby a party may in effect force his opponent to produce a forecast of evidence which he has available for presentation at trial to support his claim or defense. A party forces his opponent to give this forecast by moving for summary judgment. Moving involves giving a forecast of his own which is sufficient, if considered alone, to compel a verdict or finding in his favor on the claim or defense. In order to compel the opponent's forecast, the movant's forecast, considered alone, must be such as to establish his right to judgment as a matter of law." 2 McIntosh, N.C. Practice & Procedure § 1660.5 (2d ed. Phillips Supp. 1970).

Accordingly, the party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court and his entitlement to judgment as a matter of law. *Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978). "His papers are carefully scrutinized and

Vassey v. Burch

those of the opposing party are on the whole indulgently re-
garded." 6 Pt. 2 Moore's Federal Practice, § 56.15[8] at 642 (2d ed.
1980). *Accord, Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251
S.E. 2d 419 (1979). "If the moving party meets this burden, the
party who opposes the motion for summary judgment must
either assume the burden of showing that a genuine issue of
material fact for trial does exist or provide an excuse for not so
doing." *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795
(1974). If the evidentiary materials filed by the parties indicate
that a genuine issue of material fact does exist, the motion for
summary judgment must be denied, as "the motion may be
granted only where there is no such issue and the moving party
is entitled to judgment as a matter of law." *Id.*

As a general proposition, issues of negligence are ordinarily
not susceptible of summary adjudication either for or against
the claimant "but should be resolved by trial in the ordinary
manner." 6 Pt. 2 Moore's Federal Practice, § 56.17[42] at 946 (2d
ed. 1980). Hence, it is only in exceptional negligence cases that
summary judgment is appropriate because the rule of the pru-
dent man, or other applicable standard of care, must be applied,
and ordinarily the jury should apply it under appropriate in-
structions from the court. *Caldwell v. Deese, supra;* Gordon, The
New Summary Judgment Rule in North Carolina, 5 Wake
Forest Intra. L. Rev. 87, 92 (1969). Nevertheless, if a motion for
summary judgment is supported by evidentiary matter show-
ing a lack of negligence on the part of the movant and there is no
question as to the credibility of witnesses and no evidence is
offered in opposition thereto, no issue is raised for the jury to
consider under appropriate instructions and summary judg-
ment for the movant should be allowed. *See Moore v. Fieldcrest
Mills, Inc., supra;* 6 Pt. 2 Moore's Federal Practice, § 56.17[42]
at 948-49 (2d ed. 1980).

We now turn to the propriety of summary judgment for St.
Luke's Hospital, Inc., applying the foregoing legal principles to
the record properly before us.

At the outset we note that the record on appeal does not
indicate what evidentiary materials, if any, were offered by
defendant Hospital in support of its motion for summary judg-

ment. The record does indicate that after giving notice of appeal in open court, plaintiff was allowed sixty days in which to make up and serve a proposed record on appeal, and that such record was duly served on defendant Hospital within the allotted time. The Hospital filed no objections, amendments, or a proposed alternative record on appeal. See Rule 11(c), Rules of Appellate Procedure. Accordingly, the proposed record on appeal became the record on appeal. Rule 11(b), Rules of Appellate Procedure. This record was certified by the Clerk of Superior Court on 1 June 1979 as the official record on appeal in this action. See Rule 11(e), Rules of Appellate Procedure.

It is axiomatic that a properly certified record on appeal imports verity. 1 N.C. Index 3d, Appeal and Error § 42, and cases cited therein. The appellate courts in this State are bound by the record as certified and can judicially know only what appears of record. *Griffin v. Barnes,* 242 N.C. 306, 87 S.E. 2d 560 (1955); *Tomlins v. Cranford,* 227 N.C. 323, 42 S.E. 2d 100 (1947). An appellate court will not speculate as to the content of evidentiary matters in support of a summary judgment motion which the record fails to show were offered in evidence in the trial court. *Compare, Equipment Co. v. Hertz Corp.,* 256 N.C. 277, 123 S.E. 2d 802 (1962); *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624 (1947); *Wallace v. Longest,* 226 N.C. 161, 37 S.E. 2d 112 (1946). In determining whether a movant has met his burden of proof on a summary judgment motion, this Court can rely only upon evidentiary materials appearing of record.

In the instant case, the record contains no evidentiary materials submitted by defendant Hospital in support of its motion for summary judgment. The record contains only the Hospital's *unverified* answer filed in response to plaintiff's *verified* pleading. If the record served on defendant Hospital did not contain all pertinent evidentiary matters offered by the Hospital in support of the motion, it was the duty of the Hospital to file objections, amendments or serve a counter case on the plaintiff appellant. Rule 11, Rules of Appellate Procedure. Here, the defendant Hospital did nothing. Therefore, we assume the record on appeal is complete and correct. In that posture, defendant's motion for summary judgment should have been denied, even if nonmovant had offered no evidence in opposition. *See*

*Bank v. Evans*, 296 N.C. 374, 250 S.E. 2d 231 (1979); *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

But if defendant Hospital had succeeded in showing *prima facie* its entitlement to summary judgment, we note that the verified complaint, the affidavits and other evidentiary materials submitted by plaintiff in opposition to the motion would negate such a showing and establish the existence of triable issues of material fact. Viewed in its most favorable light, plaintiff's evidence tends to show, in pertinent part, that on 21 December 1974 plaintiff became so violently ill that his parents took him to the emergency room at St. Luke's Hospital. Plaintiff and his mother informed the nurse in attendance that plaintiff had severe pains in his right lower abdomen and was violently ill. Plaintiff's mother twice asked the nurse whether her son might be suffering from appendicitis. The nurse replied in the negative and called Dr. Morgan, plaintiff's regular doctor. In that discussion, she told Dr. Morgan that plaintiff had no symptoms of appendicitis. As a result, Dr. Morgan prescribed some medication and directed that defendant be sent home if he appeared to be better in thirty minutes. Accordingly, plaintiff was subsequently dismissed from the hospital without the taking of a blood count and without being otherwise checked for appendicitis. Plaintiff's condition deteriorated overnight. The next morning Dr. Morgan instantly recognized plaintiff's symptoms as acute appendicitis and sent him to St. Luke's for an immediate appendectomy. During the course of the surgery, it was discovered that his appendix had ruptured and severe peritonitis had developed.

Viewed indulgently, and given every reasonable inference to be drawn therefrom, plaintiff's evidence indicates that a genuine issue of material fact exists on the question of whether defendant Hospital breached its duty to exercise due care for the safety of its patient. *See generally, Rabon v. Hospital*, 269 N.C. 1, 152 S.E. 2d 485 (1967).

In summary, we conclude that the Hospital failed to carry its burden as movant by showing that no triable issues of fact exist and that it is entitled to judgment as a matter of law. We further conclude that plaintiff's evidentiary showing in opposi-

tion to defendant's motion for summary judgment indicates that there are triable issues of material fact. Accordingly, we hold that the trial court erred in granting summary judgment for St. Luke's Hospital.

For the reasons stated the decision of the Court of Appeals upholding summary judgment for St. Luke's Hospital, Inc., is reversed. The case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Justice BROCK did not participate in the consideration or decision of this case.