Lowe v. Bradford

_____

HAROLD E. LOWE v. JAMES L. BRADFORD AND WIFE, JOY S. BRADFORD

No. 8122SC71

(Filed 20 October 1981)

Easements § 8.4— obstruction and interference with use of easement—summary judgment improper

Where plaintiff forecast evidence which tended to show that defendants constructed a concrete driveway over and unpaved cul-de-sac in which they shared an easement with plaintiff and that the change in access "greatly impaired the fair market value of the plaintiff's lot," and defendants forecast evidence which tended to show the market value of plaintiff's lot was unchanged, it was error to grant summary judgment for defendants as there was a genuine issue of material fact presented by the forecasts of evidence.

Judge HEDRICK dissenting.

APPEAL by plaintiff from *Davis, Judge.* Order granting defendants' motion for summary judgment entered 15 October 1980 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 1 September 1981.

Plaintiff and defendants are adjoining lot owners in Sapona Subdivision in Davidson County. The recorded map reveals the lots are served by Indian Wells Circle, a paved street. Between the street and the lots is an unpaved half circle, or cul-de-sac,

over which both parties pass for ingress and egress from Indian Wells Circle to their lots. Defendants constructed a sixteen-foot wide concrete driveway from their lot across the cul-de-sac and in front of plaintiff's lot to Indian Wells Circle.

Plaintiff contends that his and defendants' lots were acquired with easements appurtenant in the above-described street and cul-de-sac, and that defendants' driveway restricts access to his lot so that plaintiff has no reasonable and adequate access to his property. Plaintiff seeks to enjoin defendants from obstructing or interfering with his use of his easement appurtenant in the cul-de-sac, and prays for damages. Defendants admitted construction of the concrete driveway across the portion of the cul-de-sac which adjoins defendants' lot, but contended that the cul-de-sac, and apparently the portion of the driveway therein, is dedicated to public use and therefore is for the equal use and benefit of both parties.

Defendants filed a motion for summary judgment with their answer, and plaintiff filed a motion for summary judgment thereafter. The trial judge concluded that there was no genuine issue of material fact and granted defendants' motion for summary judgment against plaintiff. Plaintiff appeals. We reverse the order of the trial judge granting defendants' motion for summary judgment and remand the case for trial.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for plaintiff-appellant.*

*Ted S. Royster, Jr., for defendant-appellees.*

HILL, Judge.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). In ruling on a motion for summary judgment, the trial judge does not decide issues of fact but merely determines whether a genuine issue of fact exists. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980); *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). The affidavits filed in support of the parties' motions for summary judgment provide

Lowe v. Bradford

forecasts of evidence upon which we base our review of the trial judge's decision that no genuine issue of material fact exists in this case.

Defendants' affidavits forecast evidence by local realtors which tends to show that the market value of plaintiff's lot was not damaged by the construction of defendants' driveway across the cul-de-sac. Plaintiff's affidavits forecast evidence which tends to show that the construction of defendants' driveway in front of plaintiff's lot "blocked reasonable and necessary access to the plaintiff's lot," and that the alleged change in plaintiff's access "greatly impaired the fair market value of the plaintiff's lot." We must examine these affidavits in light of Rule 56(e) of the North Carolina Rules of Civil Procedure which requires allegations of "specific facts showing that there is a genuine issue for trial." Thus, the question for our decision is whether the above-quoted forecasts of evidence are sufficient under Rule 56(e) to show a genuine issue of material fact. We hold that the forecasts are sufficient to withstand summary judgment.

"Generally, an owner in common in an easement cannot make alterations which will render the easement appreciably less convenient and useful to any one of the co-tenants." 25 Am. Jur. 2d Easements and Licenses § 88, p. 494. Although plaintiff has not spelled out in minute detail the changes in access to his lot made by the construction of the driveway, we find he has alleged facts to show that such construction in front of his lot has created a change in plaintiff's access thereto. Since the facts alleged in plaintiff's affidavit are within his personal knowledge and are admissible at trial, he has forecast evidence from which a jury may find that his use of the easement is "appreciably less convenient and useful."

We believe plaintiff has forecast a genuine issue of material fact as to the change in access and its attendant effect upon the value of plaintiff's lot. We therefore reverse the order of the trial judge granting defendants' motion for summary judgment and remand the case for trial.

Reversed and remanded.

Judge WHICHARD concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting.

Summary judgment must be granted, upon motion, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. § 1A-1, Rule 56(c). *See also Oakley v. Little,* 49 N.C. App. 646, 272 S.E. 2d 370 (1980).

G.S. § 1A-1, Rule 56(e) in pertinent part provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*See also Econo-Travel Motor Hotel Corp. v. Taylor,* 301 N.C. 200, 271 S.E. 2d 54 (1980).

The pleadings, affidavits, and exhibits submitted by the parties establish the following uncontroverted facts: (1) Defendants and plaintiff are owners of adjoining lots nos. 2 and 3, respectively, in Block N of Sapona Subdivision; (2) the parties acquired their respective lots subject to a permanent easement appurtenant, dedicated by the subdivision developer, in the paved street known as Indian Wells Circle and in the common access area between the paved street and their lots known as the "cul-de-sac"; (3) Lots 2, 3, and 4 of Block N, Sapona Subdivision are the only lots adjoining the cul-de-sac; (4) defendants' lot lies partially between plaintiff's lot and Indian Wells Circle; (5) defendants have constructed a concrete driveway over the cul-de-sac from their lot to the paved surface of Indian Wells Circle; and (6) plaintiff's only access to Indian Wells Circle is by crossing the cul-de-sac.

Generally, owners in common in an easement cannot make alterations which will render the easement appreciably less convenient and useful to any of the co-owners. 25 Am. Jur. 2d Easements and Licenses § 88; 28 C.J.S. Easements § 95. Also, one of several owners in common of an easement must not obstruct

Lowe v. Bradford

the easement so as to interfere with its free use by the other owners. 28 C.J.S. Easements § 96.

When the foregoing uncontroverted facts are considered in connection with the foregoing principles of law, the question raised by this appeal is whether there is any evidence in this record that defendants' construction of a concrete driveway over the cul-de-sac interferes with plaintiff's use of the cul-de-sac. Defendants' evidence in support of their motion for summary judgment is to the effect that plaintiff can use the driveway just as defendants can and thus the concrete driveway does not interfere with plaintiff's right of access to Indian Wells Circle. In opposition to defendants' motion, plaintiff filed affidavits which merely reiterate the allegations of his unverified complaint and establish the location of the cul-de-sac easement. In his own affidavit, plaintiff states only that the concrete driveway exists and that it interferes with his use of the cul-de-sac area. The record before us contains no evidence that shows in what manner the concrete driveway interferes with plaintiff's use of the cul-de-sac to gain access to Indian Wells Circle. Indeed, it appears from the record that plaintiff's access to Indian Wells Circle over the concrete surface constructed by defendant would be better than that over the unpaved portions of the cul-de-sac. Plaintiff's evidence in opposition to defendants' motion is devoid of any allegations or evidence of *specific* facts as to how the concrete driveway constructed by defendants interferes with plaintiff's use of the easement.

In my opinion the record discloses no genuine issue of material fact and summary judgment for defendants was appropriate.

I vote to affirm.