PATRICIA O'NEAL, ALSO KNOWN AS PATRICIA O'NEAL CLEMMER v. STILES A. KELLETT, GEORGETOWN GASTONIA LIMITED, AND U.S. SHELTER CORPORATION

No. 8127SC311

(Filed 15 December 1981)

1. **Landlord and Tenant § 8.2— maintenance of common areas—duty of landlord to tenant**

    A residential landlord in North Carolina owes his tenant a statutory duty of exercising ordinary or reasonable care to maintain common areas of the leased premises in a safe condition, and a violation of that duty is evidence of negligence. G.S. 42-42(a)(3).

**2. Landlord and Tenant § 8.3— fall by tenant on dimly lit steps—negligence and contributory negligence**

In an action by plaintiff tenant to recover for injuries received when she fell on defendant landlords' outside steps, the evidence on a motion for summary judgment presented a material issue of fact as to negligence by defendants where the jury could find that defendants allowed unlighted outside common area stairs to remain on their premises; such unlighted stairs were an unsafe condition; defendants knew or in the exercise of ordinary care should have known that the stairs were unlighted; defendants failed to exercise ordinary care to correct the unsafe condition caused by the unlighted stairs; and such failure was the proximate cause of plaintiffs injuries. Furthermore, the evidence on motion for summary judgment did not disclose contributory negligence by plaintiff as a matter of law where it showed that plaintiff was using a common area of defendants' premises intended for use by defendants' tenants when she was injured; plaintiff approached the steps cautiously and caught her foot on the edge of the first step while trying to find the second step in the darkness; an alternate lighted route was available to plaintiff; and before the accident plaintiff considered the steps to be defective and unsafe.

APPEAL by plaintiff from *Kirby, Judge.* Judgment entered in GASTON County Superior Court 9 January 1981. Heard in the Court of Appeals 23 October 1981.

This is a negligence action for personal injuries. In her complaint, plaintiff alleged that while she was a tenant in defendants' apartment complex, she fell on defendants' defective, dimly lit outside steps. Defendants moved for summary judgment and supported their motion with depositions of plaintiff, defendants' resident manager, and interrogatories of plaintiff. The trial court granted defendants' motion and plaintiff has appealed.

*Harris, Bumgardner & Corry, by Robert Dennis Lorance, for plaintiff-appellant.*

*Hollowell, Stott, Hollowell, Palmer & Windham, by L. B. Hollowell, Jr., for defendant-appellees.*

WELLS, Judge.

On a motion for summary judgment under G.S. 1A-1, Rule 56, the burden is on the movant to show to the court that there are no genuine issues of material fact to be tried in the case and that the movant is entitled to summary judgment as a matter of law. *Vassey v. Burch,* 301 N.C. 68, 269 S.E. 2d 137 (1980). The rule does not allow the court to decide an issue of fact. *Vassey,* supra. As a

general rule, issues of negligence are not ordinarily susceptible to summary disposition. It is only in the exceptional negligence case that summary judgment is appropriate, because the rule of the prudent man or other standard of care must be applied, and ordinarily the jury should apply it under appropriate instructions from the court. *Vassey,* supra.

In her deposition, plaintiff testified that at the time of her injury on 16 June 1978, she was a tenant in defendants' apartment complex in Gastonia, where she had lived for about three months prior to her injury. On the night of 16 June at about 11:00 p.m., plaintiff was walking from another apartment in the complex to plaintiff's apartment. The direct route from the other apartment to plaintiff's apartment included three outside steps, leading from a parking lot toward her apartment. Plaintiff testified that the steps were so dark that she could not see, and that she lost her footing and fell.

> It was dark as I walked down the steps and I knew it was dark. I was looking down at the steps, trying to see them, that is, I was looking right towards my feet when I slipped. I looked down first to see the next step and I thought I stepped where I thought I saw it and that's when I slipped. I was looking where my foot was. My left foot slipped. I fell on the first step of the stairway or walkway. I took three steps on the first step itself. As to the sequence of events, I stepped on the first step with my left foot, then right, then left — my left heel. Yes, I'm positive that I stepped first with my left foot, then with my right foot and then with my left foot. I was intending to place my left foot on the next or second step when I fell. Yes, I stepped with my left foot, then my right foot and I was taking my third step when I fell.

Plaintiff also testified that the steps on which she fell were uneven, that the second and third steps sloped downward, and that the steps were chipped and cracked. Plaintiff testified that she had been near the steps on a number of previous occasions, but had not previously used the steps; that she had previously observed the steps from a distance of a few feet and that previous to her fall, she had formed an opinion that the steps were unsafe. Plaintiff testified that there was a lighted pathway

from the parking lot to her apartment. The record before us, however, does not show whether the pathway was a walkway constructed by defendants or whether the pathway ran near or along plaintiff's route of travel on the occasion of her injury.

Defendants' resident manager testified that the steps were adequately lighted and were safe, and that plaintiff could have used a lighted pathway.

Obviously, there are disputed facts in this case. Defendants' burden upon the motion for summary judgment was to show the trial court that plaintiff's claim was fatally defective: i.e., that defendants were not negligent, or, that plaintiff was contributorily negligent as a matter of law.

[1, 2]  A residential landlord in North Carolina owes his tenant a statutory duty of exercising ordinary or reasonable care to maintain common areas of the leased premises in a safe condition. G.S. 42-42(a)(3). A violation of that duty is evidence of negligence. *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 284 S.E. 2d 702 (1981). Defendants must be charged with foreseeing that outside stairs on their premises may be used by their tenants at all hours of the day and night and that when such stairs are used at night, the absence of lighting may render them unsafe. On the issue of defendants' negligence, the evidence before the trial court shows material facts from which a jury could find that defendants allowed unlighted outside common area stairs to remain on their premises; that such unlighted stairs were an unsafe condition; that defendants knew or in the exercise of ordinary care should have known that the stairs were unlighted; that defendants failed to exercise ordinary care to correct the unsafe condition caused by the unlighted stairs; and that such failure was the proximate cause of plaintiff's injury. *See Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1978); *Lenz v. Ridgewood*, supra. The question of defendants' negligence must be passed on by a jury.

The materials before the trial court do not show plaintiff to have been contributorily negligent as a matter of law. When she was injured, plaintiff was where she had a privilege to be: using a common area of defendants' premises intended for use by defendants' tenants. Under these circumstances, it cannot be said as a matter of law that plaintiff was required to avoid the use of the

O'Neal v. Kellett

stairs or to use them at her peril, *Rappaport*, supra, *Lenz*, supra: or that she was required to use an alternate route. *Lenz*, supra. Plaintiff's testimony, viewed in the light most favorable to her, shows that she approached the steps cautiously and caught her foot on the edge of the first step while trying to find the second step in the darkness. In view of all of the facts and circumstances, reasonable minds may differ as to whether plaintiff exercised due care for her own safety in attempting to use the steps. *Rappaport*, supra.

Defendants contend that plaintiff's testimony that she considered the steps to be defective or unsafe shows that she knowingly exposed herself to danger and that she was therefore negligent per se in attempting to use the steps. We cannot agree. As our Supreme Court stated in *Smith v. Fiber Controls*, 300 N.C. 669, 268 S.E. 2d 504 (1980):

> [T]he existence of contributory negligence does not depend on plaintiff's *subjective* appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an *objective* standard of behavior—the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury. (Cites omitted.)

*See also Lenz*, supra. The standard of care required differs with the exigencies of the situation. *Wallsee v. Water Co.*, 265 N.C. 291, 144 S.E. 2d 21 (1965). *See also Lenz*, supra.

The issue of plaintiff's contributory negligence is for a jury to decide. For the reasons stated, the judgment of the trial court must be and is

Reversed.

Judges MARTIN (Robert M.) and WEBB concur.