TARA D. ALLEN, BY HER GUARDIAN AD LITEM, CLARENCE ALLEN AND CLARENCE ALLEN, INDIVIDUALLY v. EQUITY & INVESTORS MANAGEMENT CORPORATION AND MUTUAL LIFE INSURANCE COMPANY OF NEW YORK

No. 8110SC681

(Filed 6 April 1982)

**Landlord and Tenant § 9; Negligence § 18— minor injured in common area of apartment— summary judgment improper**

    Summary judgment was improperly granted in a negligence action in which a minor plaintiff, age 8, testified that she was injured when her bicycle hit a stump in the recreation area of defendants' apartment building. The issue of whether defendants were negligent in failing to maintain the common area in a safe condition and whether plaintiff was contributorily negligent were for the jury to decide.

APPEAL by plaintiffs from *Bailey, Judge.* Judgment entered 3 March 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 4 March 1982.

This is a negligence action against defendants for injuries sustained by Tara Allen, the minor daughter of plaintiff Clarence Allen, while riding her bicycle at an apartment complex owned by defendants.

Plaintiffs alleged in their complaint that Tara was injured on 18 April 1979 while riding her bicycle near the playground at

Bowling Arms Apartments in Cary, where she lived with her parents. The front wheel of her bicycle struck a tree stump, throwing Tara off her bicycle and causing her to fall down an embankment. Tara suffered severe injuries to her wrist. At the time of the injury, Tara was eight years old. Defendant Mutual Life Insurance Company of New York (MONY) owned the apartment complex at the time of the accident and employed defendant Equity & Investors Management Corporation as its rental agent and manager. Plaintiffs alleged that defendants were negligent in leaving the tree stump in an area where children were likely to play and in failing to keep the common area safe. Plaintiffs sought $100,000 in damages.

In their answer defendants denied all the material allegations of the complaint and pleaded contributory negligence by Tara Allen as a defense.

Tara Allen testified in her deposition that on the day she was injured she had walked her bicycle across a bridge to an area near the recreation center and across the creek from the playground. She was riding her bicycle at a normal speed. The stump she hit was about four to six inches above ground and was not covered by dirt or leaves. Tara testified that if she had been looking down, she could have seen the stump. She hit the stump when she turned her bicycle to go around some trees.

From the granting of defendants' motion for summary judgment, plaintiffs appeal.

*Pinna & Corvette by Ted E. Corvette, Jr. for plaintiff appellants.*

*Johnson, Patterson, Dilthey & Clay by Robert W. Sumner for defendant appellees.*

CLARK, Judge.

The sole issue presented by this appeal is whether the trial court erred in granting defendants' motion for summary judgment. On a motion for summary judgment, G.S. 1A-1, Rule 56, provides that the movant must show the court that there are no genuine issues of material fact to be tried in the case and that the moving party is entitled to summary judgment as a matter of law.

*Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). The rule does not authorize the court to decide an issue of fact, but rather to determine whether a genuine issue of fact exists. *Id.* Ordinarily, issues of negligence are not susceptible to summary disposition but should be resolved by trial. Summary judgment is appropriate only in exceptional negligence cases because the applicable standard of care must be applied; as a general rule, the jury must apply the standard of care to the facts of the case after proper instructions from the court. *Id.*

It is undisputed that a landlord-tenant relationship existed between plaintiffs and defendants at the time of the accident. It is also undisputed that Tara's accident occurred in an area of the leased premises which remained under the control of defendants. In two recent cases, this court discussed the landlord's duty to keep common areas in a safe condition. *O'Neal v. Kellett*, 55 N.C. App. 225, 284 S.E. 2d 707 (1981); *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 284 S.E. 2d 702 (1981). "A residential landlord in North Carolina owes his tenant a statutory duty of exercising ordinary or reasonable care to maintain common areas of the leased premises in a safe condition. G.S. 42-42(a)(3). A violation of that duty is evidence of negligence." *O'Neal v. Kellett, supra*, at 228, 284 S.E. 2d at 710. The duty owed by a landlord is not the duty to warn of unsafe conditions, but rather the duty to correct unsafe conditions. *Lenz v. Ridgewood Associates, supra.* In *Lenz* the court held that if natural accumulations of ice constitute an unsafe condition, the landlord has a duty to correct that condition.

Defendants must be charged with foreseeing that areas set aside for recreational purposes of their tenants would be used as such, and that any unsafe conditions existing in those areas must be corrected. On the issue of defendants' negligence, the evidence shows material facts from which a jury could find that defendants allowed a four- to six-inch stump to remain in a pathway used by tenants and their children for recreational purposes; that the stump constituted an unsafe condition; that defendants knew or in the exercise of ordinary care should have known that the stump existed; that defendants failed to exercise ordinary care to correct the unsafe condition posed by the stump; and that such failure was the proximate cause of Tara's injury. *See Wheeler Terrace, Inc. v. Lynott*, 234 A. 2d 311 (D.C. App. 1967). Defendants argue that a landlord is not liable for injuries from defects

on their premises which are open, obvious and visible. We believe that there is a question of fact whether the presence of the stump constituted an "unsafe" condition which defendants had a duty to correct. This question and that of defendants' negligence must be passed on by a jury and were not suitable issues for summary disposition by the court.

The materials before us do not show plaintiff Tara Allen to have been contributorily negligent as a matter of law. "An infant under 7 years of age is conclusively presumed to be incapable of contributory negligence. (citation omitted) An infant between the ages of 7 and 14 is presumed to be incapable of contributory negligence, but this presumption may be rebutted by evidence showing capacity. 'The test in determining whether the child is contributorily negligent is whether it acted as a child of its age, capacity, discretion, knowledge and experience would ordinarily have acted under similar circumstances.' (citations omitted)." *Welch v. Jenkins*, 271 N.C. 138, 142, 155 S.E. 2d 763, 766 (1967). Plaintiff Tara Allen was eight years old at the time of the accident and is therefore presumed incapable of contributory negligence. Defendants may offer evidence at trial to rebut the presumption and to show Tara's capacity to exercise care for her own safety. Again, this issue is one which is properly determined not by the court but by the jury.

The issues of whether defendants were negligent in failing to maintain the common area in a safe condition, and whether plaintiff Tara Allen was contributorily negligent are for a jury to decide. Therefore, the judgment of the trial court must be and is

Reversed.

Judges ARNOLD and WEBB concur.