DIXIE LANE HOCKADAY v. WILLIAM B. MORSE, T/A PLANTATION INN

No. 8111SC892

(Filed 4 May 1982)

1. **Negligence § 52.1— visitor to registered motel guest—invitee**

A visitor to a registered guest in a motel was an invitee of the motel at the time she fell on an outdoor stairway leading to upstairs motel rooms where she was on the premises at a reasonable hour, for a lawful purpose, and at the express invitation of the guest, and where the stairway was the nearest means of egress from the guest's room to the parking lot and was thus within the scope of her invitation to use the motel's premises.

2. **Negligence §§ 57.4, 58— invitee's fall on unlighted stairs—negligence of motel owner**

Plaintiff invitee's forecast of evidence was sufficient to present a genuine issue of material fact as to the negligence of defendant motel owner in permitting unlighted outside stairs to remain on the premises and did not establish her contributory negligence as a matter of law where plaintiff's evidence tended to show that she was visiting a registered guest of the motel; plaintiff had never been to defendant's motel before; plaintiff used the stairs to reach the guest's room during the daylight and did not notice anything defective about the stairs; it was dark when plaintiff left the guest's room; the stairway used by plaintiff was the most direct route from the guest's room to her automobile; and the reason plaintiff fell was that the stairway was so dark that she could not see the final step.

APPEAL by plaintiff from *Farmer, Judge.* Order entered 22 April 1981 in Superior Court, LEE County. Heard in the Court of Appeals 7 April 1982.

Plaintiff instituted this personal injury action, alleging that defendant-innkeeper was negligent in failing to maintain and light outdoor steps used for access to upstairs motel rooms, on which plaintiff fell and injured herself. On defendant's G.S. 1A-1, Rule 56 motion for summary judgment, defendant, through the depositions of plaintiff and her husband, produced a forecast of evidence showing the following. On 9 October 1978, plaintiff and her husband went to an 8:00 p.m. appointment at the Plantation Inn, to meet with Mr. Thomas McKoon, a registered guest of the motel. Neither plaintiff nor her husband had ever been to the motel before. The purpose of the meeting was to negotiate a possible business deal between plaintiff, who planned to open a sporting goods store, and Mr. McKoon, a representative of Nike Shoes. Mr.

McKoon was registered in Room 133, which is elevated from the parking lot by several steps. These steps are configured in such a way that the first step up leads to a platform or ramp area which is approximately 52" deep, and then two or three more steps lead to the porch area in front of the motel rooms. Plaintiff's husband parked their car as close as possible to the steps which lead directly up to Room 133. It was daylight when they ascended the steps and they did not notice anything wrong with them at that time. After meeting with Mr. McKoon for more than an hour, plaintiff left room 133 to return to her car. It was then after dark. Plaintiff started down the steps, ahead of her husband. There was no loose debris on the steps, and the weather was dry, but the final step was "deteriorated," and there were no handrails on the stairs. There were no lights on the steps, and only two lights on either side of the door to Room 134, an upstairs room adjacent to Mr. McKoon's. Shrubbery over four feet high bordered the steps, further cutting off the light cast by the upstairs lights. Plaintiff descended two or three steps until she came to a "platform" or "ramp" area, which she believed was on a level with the parking lot, and then "[t]here was another step there that I could not see and this was the step that was very jagged and worn and the one which I fell over." Plaintiff fell forward, twisted her feet, and incurred serious personal injury. Plaintiff stated that "I am saying that the reason I fell was because I did not see the bottom step."

Judge Farmer granted defendant's motion for summary judgment, and from entry of this judgment, plaintiff appeals.

*Kenneth R. Hoyle, for plaintiff-appellant.*

*Maupin, Taylor & Ellis, P.A., by Thomas W. H. Alexander and M. Keith Kapp, for defendant-appellee.*

WELLS, Judge.

Plaintiff's sole assignment of error is that the trial court erred in granting summary judgment for defendant. We agree with plaintiff's argument and reverse.

Defendant contends that plaintiff was a licensee, to whom the only duty owed was to avoid wilful or wanton negligence, of which there was no evidence, or, in the alternative, that if plain-

tiff was an invitee, the evidence shows no negligence of defendant, but does show contributory negligence on the part of plaintiff, entitling defendant to summary judgment as a matter of law.

[1]   The threshold issue before us is plaintiff's legal status as a visitor to a registered guest in defendant's motel. The traditional view, which is held by a majority of jurisdictions, is that a visitor to a registered guest at an inn who is there for a lawful purpose, at a proper time, by the guest's express or implied invitation, and who remains within the boundaries of the invitation, is an invitee, to whom the innkeeper owes the duty of exercising reasonable care, the same duty owed to registered guests. Sherry, The Laws of Innkeepers, § 9:2 (Rev. ed. 1981); Annot., 58 A.L.R. 2d 1202; 40 Am. Jur. 2d, Hotels, § 84; 43A C.J.S., Inns, § 21.

North Carolina adheres to this view, although the relevant cases tend to illustrate exceptions to the general rule rather than the rule itself. In *Money v. Hotel Co.,* 174 N.C. 508, 93 S.E. 964 (1917), plaintiff, a social visitor to a registered guest, wandered down an employees' hallway into a freight elevator shaft where he was killed. Because he had entered an area outside the bounds of his express or implied invitation to use the hotel's facilities, he was classified as a licensee, to whom defendant owed no duty of ordinary care. Plaintiff in *Jones v. Bland,* 182 N.C. 70, 108 S.E. 344 (1921), also fell down an elevator shaft and was injured. After enunciating the general rule that visitors to hotel guests are invitees, the Court disqualified plaintiff from that status for two reasons: plaintiff was in a remote area of the hotel, outside the scope of his invitation, and he was there to gamble, an illegal purpose. Finally, in *Coston v. Hotel,* 231 N.C. 546, 57 S.E. 2d 793 (1950), plaintiff showed that she intended to meet a friend for dinner at a hotel but was injured while using the hotel's telephone to call her friend. In reversing a judgment of nonsuit for defendant, our Supreme Court held that plaintiff's evidence had raised sufficient inferences that she was an invitee, to whom the hotel owed a duty to keep the premises in a reasonably safe condition.

In the case before us, plaintiff was on the premises at a reasonable hour, at the express invitation of Mr. McKoon, a reg-

istered guest, for a lawful purpose. The stairway on which she fell was the nearest means of egress from Mr. McKoon's room to the parking lot, and was thus within the scope of her invitation to use defendant's facilities. We hold that plaintiff was an invitee at the time of her injury.

[2] The next issue is whether the forecast of evidence entitled defendant to summary judgment. On a motion for summary judgment under G.S. 1A-1, Rule 56, the burden is on the movant to show to the court that there are no genuine issues of material fact to be tried in the case and that the movant is entitled to summary judgment as a matter of law. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982); *Easter v. Hospital*, 303 N.C. 303, 278 S.E. 2d 253 (1981); *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). The rule does not allow the court to decide an issue of fact. *Vassey*, supra. As a general rule, issues of negligence are not ordinarily susceptible to summary disposition. It is only in the exceptional negligence case that summary judgment is appropriate, because the rule of the prudent man or other standard of care must be applied, and ordinarily the jury should apply it under appropriate instructions from the court. *Vassey*, supra.

While an innkeeper is not an insurer of the personal safety of his guests, he is required "to exercise due care to keep his premises in a reasonably safe condition and to warn his guests of any hidden peril." *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1978); *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); *see Sherry*, supra, § 9:16. This duty extends not only to defendant's motel building, but to its common means of access as well. *Rappaport*, supra.

The forecast of evidence, viewed in the light most favorable to plaintiff, *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1973), shows that plaintiff had never been to defendant's motel before; she used the nearest and most convenient steps to reach Mr. McKoon's room; she had not noticed, in the daylight, anything defective about the steps; and the reason that she fell was that the stairway was so dark that she could not see the final step.

We find that the forecast of evidence raises material facts from which a jury could find that defendant reasonably could an-

Hockaday v. Morse

ticipate that outside stairs to motel rooms may be used at all times of the day or night, and that when such stairs are used at night, the absence of lighting may render them unsafe; that defendant allowed unlighted, outside stairs to remain on the premises; that these unlighted stairs constituted an unsafe condition; that defendant knew, or in the exercise of ordinary care should have known that the stairs were unlighted; that defendant failed to use ordinary care to remedy this unsafe condition; and that such failure proximately caused plaintiff's injury. *See O'Neal v. Kellett*, 55 N.C. App. 225, 284 S.E. 2d 707 (1981); *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 284 S.E. 2d 702 (1981). Thus, defendant has not shown that he is entitled to summary judgment on the issue of his negligence.

Defendant's final contention is that the evidence shows plaintiff to have been contributorily negligent as a matter of law. We cannot agree. At the time of her injury, plaintiff was in an unfamiliar place where she had a right to be, on an outside stairway, using the most direct route available from Room 133 to her automobile. While plaintiff had the obligation to use ordinary care to protect herself from injury and to avoid a known danger, *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980); *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1978); *Clark v. Roberts*, 263 N.C. 336, 139 S.E. 2d 593 (1965), this standard of care differs according to the exigencies of the particular situation. *Smith*, supra, *Clark*, supra.

> [T]he existence of contributory negligence does not depend on plaintiff's *subjective* appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an *objective* standard of behavior — "the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *Clark v. Roberts*, supra.

*Smith*, supra.

We cannot say that reasonable minds could not differ as to whether the unlighted steps constituted a known danger, or whether plaintiff's failure to anticipate the presence of the unlighted step on which she fell, or to see it, constituted contributory negligence on her part. *Williams*, supra. The evidence

that plaintiff had used the steps one time previously in the daytime does not conclusively establish that she knew, or in the exercise of due care, should have known in the dark that she would encounter it at the point where it was, in her journey back to her car. The forecast of evidence raises material issues of fact for a jury to decide. Accordingly, we hold that the trial court erred in granting summary judgment for defendant. The judgment is

Reversed.

Judges WEBB and WHICHARD concur.