STEPHANIE T. MARTIN, PLAINTIFF v. KILAUEA PROPERTIES, LLC, DEFENDANT

No. COA10-1146

(Filed 2 August 2011)

**Landlord and Tenant—deck collapse—hazard not known to landlord**

The trial court correctly granted summary judgment for defendant landlord in an action by a visitor of the tenant who was injured when a portion of a deck collapsed. No evidence of the defective condition existed when the apartment was leased; defendant had no knowledge of the potential hazard, created when the tenant's fiancé removed a planter; and the deck was not a common area for the two apartments in the building.

Appeal by plaintiff from judgment entered 1 June 2010 by Judge John E. Nobles, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 23 March 2011.

*Pritchett & Burch, PLLC, by Lloyd C. Smith, Jr., and S. Adam Stallings, for plaintiff-appellant.*

*Johnson, Lambeth, & Brown, by Maynard M. Brown, for defendant-appellee.*

BRYANT, Judge.

Where a landlord lacks knowledge of a hazardous condition created on his leased premises by his tenant, he cannot be held liable for harm caused to third parties by that condition. Therefore, we affirm the trial court's grant of defendant's motion for summary judgment.

MARTIN v. KILAUEA PROPERTIES, LLC

[214 N.C. App. 185 (2011)]

*Facts and Procedural History*

On 19 January 2005, defendant, Kilauea Properties, Inc., purchased a residence at 400 Spartanburg Ave., Carolina Beach, New Hanover County. The property was divided into two apartments, with the second-floor apartment accessible only by a staircase which ended in a porch and deck that partially wrapped around the second-floor apartment. When defendant purchased the property both apartments were rented, and those rentals continued under defendant's ownership. Amy Wallace and her fiancé, Justin Marshall, resided in the first-floor apartment when defendant purchased the property. They later moved into the second-floor apartment when it became vacant six months later.

On 8 April 2006, plaintiff, a friend of Ms. Wallace's, went to Ms. Wallace's apartment to visit. Around 10:00 p.m., plaintiff went out onto the deck to smoke a cigarette. While walking around, plaintiff stepped into a corner of the deck that previously held a planter box. That portion of the deck immediately gave way, causing plaintiff to fall to the ground below. Plaintiff suffered a neck fracture and lacerations to her arm.

Plaintiff filed a complaint on 24 November 2008, alleging that defendant was negligent in maintaining a leased residential property in an unsafe condition.[1] On 16 January 2009, defendant filed its answer denying plaintiff's allegations of negligence. Defendant also raised the issues of contributory negligence on behalf of plaintiff as well as insulated negligence.

On 28 April 2010, defendant filed for summary judgment pursuant to Rule 56. On 1 June 2010 the trial court granted defendant's motion for summary judgment. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred in granting summary judgment for defendant because there exist genuine issues of material fact. Specifically, plaintiff contends that, as a residential landlord, defendant failed to properly delegate to the tenant the sole responsibility to repair hazardous conditions and defects to its property and that defendant had a duty to protect third-parties from hazardous conditions on the property when such individuals were lawful visitors on the premise. We disagree.

---

1. No claim was filed against the tenant, Amy Wallace.

It is well established that the standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.

*Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000) (citation omitted). "[Our Court] review[s] a trial court's grant of summary judgment *de novo*." *Purvis v. Moses H. Cone Mem'l Hosp. Serv. Corp.*, 175 N.C. App. 474, 477, 624 S.E.2d 380, 383 (2006) (citation omitted).

It is well settled that summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (1990) (emphasis added). . . . It is only in exceptional negligence cases that summary judgment is appropriate.

*Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP*, 350 N.C. 214, 219-20, 513 S.E.2d 320, 324-25 (1999) (internal citations omitted).

To establish a *prima facie* case of actionable negligence, a plaintiff must allege facts showing: (1) defendant owed plaintiff a duty of reasonable care; (2) defendant breached that duty; (3) defendant's breach was an actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as the result of defendant's breach.

*Winters v. Lee*, 115 N.C. App. 692, 694, 446 S.E.2d 123, 124 (1994) (citations omitted).

[W]hen third parties are injured as the result of any defective condition in leased premises he may have recourse against the lessee, but not against the lessor. The liability may, however, be extended to the landlord or owner—(a) When he contracts to repair; (b) where he knowingly demises the premises in a ruinous condition or in a state of nuisance; (c) where he authorizes a wrong.

*Wilson v. Dowtin*, 215 N.C. 547, 550, 2 S.E.2d 576, 577 (1939) (citations omitted).

Plaintiff contends that, as a third-party, defendant owed her a duty to protect against hazardous conditions on the leased premises. Plaintiff argues that because the planter box on the deck existed

when defendant purchased the property, defendant had a duty to ensure the safety of that area.

North Carolina General Statutes section 42-42(a)(2) requires that a landlord shall "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." N.C. Gen. Stat. § 42-42(a)(2) (2009). This statutory duty to maintain the premises in habitable condition may be delegated to a tenant but does not relieve the landlord of his obligations under section 42-42. "The landlord is not released of his obligations under any part of this section by the tenant's explicit or implicit acceptance of the landlord's failure to provide premises complying with this section, whether done before the lease was made, when it was made, or after it was made . . . ." N.C. Gen. Stat. §42-42(b) (2009). However, even under §42-42(a)(4), "a landlord must have knowledge, actual or imputed, or be notified, of a hazard's existence before being held liable in tort." *DiOrio v. Penny*, 331 N.C. 726, 729, 417 S.E.2d 457, 459 (1992) (summary judgment was appropriate for defendant-landlord where plaintiff-tenant could not prove that defendant had knowledge of staircase being hazardous).

In the instant case plaintiff is a third-party to defendant's landlord-tenant relationship with Ms. Wallace.

The general and basic rule is that when third parties are injured as the result of any defective condition in leased premises he may have recourse against the lessee, but not against the lessor. The liability may, however, be extended to the landlord . . . where he knowingly demises the premises in a ruinous condition . . . .

*Boyer*, 46 N.C. App. at 48, 264 S.E.2d at 366 (emphasis suppressed). Where a ruinous or hazardous condition does exist at the time a premise is leased, the landlord may be held liable only where the landlord knew or should have known of the defective condition and had reason to expect that the tenant would not realize it and where the tenant did not or could not have known of the risk. *Id.* at 50-51, 264 S.E.2d at 367-68 (citing Restatement (Second) of Prop. §17.1).

Here, no evidence of defective conditions existed at the time the apartment was leased. According to Wallace, the planter box contained dirt and a terra cotta pot, and was on an unused portion of the deck. This area of the deck was in this condition when defendant purchased the property, and while Wallace was a tenant. However, about one week prior to plaintiff's fall, Wallace's fiancé, Marshall, removed the dirt and pot from this area. After the dirt and pot were removed,

Wallace and Marshall discussed the "potential danger," yet neither notified defendant of the situation, nor did they warn plaintiff during her visit. Accordingly, as defendant had no knowledge of the planter area being potentially hazardous due to Mr. Marshall's alterations of it, defendant had no duty to protect plaintiff from such a risk.

Plaintiff also argues that the deck was a common area for which defendant owed a duty of maintenance.

An area which is utilized exclusively by one tenant, rather than by groups of tenants, is not deemed a common area. *Compare O'Neal v. Kellett*, 55 N.C. App. 225, 284 S.E.2d 707 (1981) (a common area of defendant's premises is one intended for use by all tenants residing there).

Here, defendant's rental property consisted of two apartments. The apartment on the second floor was accessible only by stairs, and plaintiff acknowledges that she did not use those stairs or deck area until Wallace moved from the first- to the second-floor apartment. In addition, Wallace testified that she held exclusive use of the deck, maintained the planter area, and placed furniture on the deck. As such, the deck was not intended as a common area but rather for the use of the second-floor tenant. Furthermore, as the hazardous nature of the planter area was not reported to defendant, defendant had no way of knowing about the risk until plaintiff fell. Accordingly, the trial court did not err in granting summary judgment to defendant. *See Boyer*, 46 N.C. App. at 48, 264 S.E.2d at 366.

Affirmed.

Judges ELMORE and GEER concur.